## HAYDEN *v.* MANNING.

Under the act of March 3, 1875, c. 137, the Circuit Court should dismiss a suit where the name of the complainant who has no real interest in the subject-matter thereof, has been improperly and collusively used for the purpose of creating a case cognizable there.

APPEAL from the Circuit Court of the United States for the District of Oregon.

The case is stated in the opinion of the court.

*Mr. John H. Mitchell* and *Mr. Augustus H. Garland* for the appellant.

*Mr. George A. King* and *Mr. W. Lair Hill* for the appellee.

MR. JUSTICE MILLER delivered the opinion of the court.

This is a case which the Circuit Court should have dismissed, under the fifth section of the act of March 3, 1875, c. 137, concerning the jurisdiction of the Circuit Courts of the United States, instead of granting the relief for which the complainant prayed.

It is charged in the bill that Hayden, the appellant, while acting as the attorney of Rachel Dove and Bethuel Dove, her husband, purchased under execution a valuable tract of land belonging to her, and that he had defended the suit for the foreclosure of a mortgage, in which a decree was rendered under which the property was sold. It is set out with sufficient fulness that at this sale he bought the land at less than its value, under circumstances which should subject the title which he acquired to the character of a trust for the benefit of Mrs. Dove.

It is not necessary now to inquire into the truth of that allegation, on which the Circuit Court rendered a decree in favor of Manning, the complainant in the suit, because we are of opinion that he had no such interest in the matter as to enable him to sustain a suit in the Circuit Court of the United States in regard to it.

The sale to Hayden was made March 5, 1864, and he received the sheriff's deed April 26 thereafter. On the 7th of April, 1875, Rachel and Bethuel Dove conveyed the land to Manning, who brought the present suit May 12, 1876.

It appears in evidence that not long after the sheriff's deed was made to him, Hayden took possession of the land, and has retained it ever since, though it is said he obtained the possession unfairly.

In April, 1874, Rachel Dove began a suit in the State court of Polk County, where the land was situated, against Hayden to recover these premises, and the court decided against her on demurrer. From this decision she took an appeal to the Supreme Court. She subsequently dismissed it, and also her suit in the court of original jurisdiction. While the latter was pending, and in April, 1875, the conveyance of the land in question was made to Manning.

Manning was the husband of her daughter, and, as he resided in California, he had the citizenship necessary to enable him to renew the litigation in the Circuit Court of the United States.

The deed purports to be one of bargain and sale for the consideration of $5,000; but no money was ever paid on it. No note or other obligation was given, nor any mortgage, as security for the debt. It does not appear that Manning ever promised to pay anything for it.

Mrs. Dove's account of the transaction is this: " My daughter Elizabeth is the wife of Charles Manning, the plaintiff. Manning never has paid me any money on this land, but he was going to. He never gave me his note. I can't say when I saw Manning last. I think eight years ago. Manning wrote first about having the land conveyed to him; said he would take the matter off our hands. I have not the letter with me."

Dove says that neither from his own knowledge nor that of his wife is he able to state whether any part of the $5,000 has been paid. Manning's deposition was not taken, nor is any word, verbal or in writing, produced as coming from him in regard to this suit. The bill, which is filed in his name, is neither signed nor sworn to by him. Dove swears that he is the agent and attorney in fact of Manning, and as such he verifies the bill.

The defendant, who is called upon to make full and perfect answer, does so under oath, and denies that Manning was in good faith the lawful owner of the land. No bond for costs

was given by Manning, or any one for him. Dove, in swearing to the bill of costs of about $300, does not say that plaintiff had paid any part of them, but that they were incurred in the suit.

There is no evidence that the deed from Dove and wife to Manning was ever delivered to him, or was ever in his possession; and there is no reason to suppose it ever left Oregon, or that he had been in Oregon for years before or after its execution.

Undoubtedly, Mrs. Dove and her husband could have given their interest in the property to their daughter, and a conveyance in consideration of natural love and affection might have been good.

But this deed was not made to her, nor on any such consideration, but recites a consideration of $5,000 in money, while it clearly appears that no money was paid, or secured by note or mortgage, or promised or intended to be paid.

"Manning wrote to me," says Mrs. Dove, "about having the land conveyed to him; said he would take the matter off our hands." What matter? Manifestly the litigation at that time going on. "I will sue for you in my name. I can go into a court of the United States where you can't go," is what he meant.

There is not a syllable in this record inconsistent with the idea that the deed was made to Manning without his knowledge, recorded in Oregon, and delivered to the lawyers who brought this suit (the same who brought the suit in the State court), without his authority, and without any communication from him whatever. If the bringing of this suit was a tort, there is no evidence in the record by which Manning could be connected with it, or with any assertion of claim under the deed.

It seems to us that Manning's name is used because he is a citizen of a different State from the defendant, for the sole benefit of Mrs. Dove; that he has no real interest in the controversy, and, if cognizant of what is going on, of which there is much doubt, that he is passively permitting the use of his name for her benefit, in order to make a simulated case of jurisdiction in the Federal court.

This is precisely the case provided for in the act of 1875.

The "suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of the Circuit Court," because the real controversy is wholly between citizens of the same State. "The name of Manning, the plaintiff in the suit, has been improperly and collusively used (in the language of this statute) for the purpose of creating a case cognizable under it." *Williams* v. *Nottawa,* 104 U. S. 209; *Hawes* v. *Oakland,* id. 450; *Detroit* v. *Dean, ante,* p. 537.

*Decree reversed, and cause remanded with directions to dismiss the bill for want of jurisdiction, and without prejudice to any other action in a proper court.*