CHICKAMING v. CARPENTER.

1. Where the amount involved is sufficient, the citizen of a State other than Michigan, who holds bonds of a municipal corporation in Michigan, may, in the proper Circuit Court of the United States, maintain an action against it on them, or on the coupons thereto attached, although each is payable to a citizen of the State or bearer, or to bearer.

2. By the terms of the act of Michigan of March 22, 1869, township bonds in aid of a railroad company are not invalid because they were issued after the expiration of sixty days from the date when the vote in favor of issuing them was cast by the electors.

3. In Michigan, where the execution of the instrument sued on is not put in issue by an appropriate plea, verified by affidavit, proof thereof is not required. The effect of the pleadings in this suit is to raise the question whether the bonds, if issued after such period of sixty days, are valid.

4. Such bonds may be delivered to a corporation lawfully formed by the consolidation of a corporation with that to which they were voted.

ERROR to the Circuit Court of the United States for the Western District of Michigan.

This was an action by Carpenter against the township of Chickaming, Michigan. The declaration alleges that under an act of the legislature of that State of March 22, 1869, the township, pursuant to a vote of the electors thereof, issued certain bonds and coupons to the Chicago and Michigan Lake Shore Railroad Company, and delivered them to the treasurer of State; that the latter delivered them to the company; that Carpenter is the lawful holder of them for value; and that they are due and unpaid.

The following is a copy of one of the bonds:—

JUNE 1ST, 1869.

"UNITED STATES OF AMERICA.    STATE OF MICHIGAN.

"No. 7.]  COUNTY OF BERRIEN, TOWNSHIP OF CHICKAMING. [$1,000.

"Authorized by a vote of the people of the Township of Chickaming.

"Know all men by these presents that the Township of Chickaming hereby acknowledges to owe and promises to pay to the Chicago and Michigan Lake Shore Railroad Company, or bearer, one thousand dollars, lawful money of the United States of America, on the first Monday of February, in the year of our Lord one thousand eight hundred and seventy-two, at the office of the treas-

urer of the county of Berrien, with interest at the rate of ten per centum per annum, payable annually on the first Monday of February in each year on the surrender of the annexed coupons as they severally become due.

"This bond is executed and issued under the provisions of and in conformity to an act of the Legislature of the State of Michigan, entitled 'An Act to enable any township, city, or village to pledge its aid, by loan or donation, to any railroad company now chartered or organized, or that may be hereafter organized under and by virtue of the laws of the State of Michigan, in the construction of its road,' approved March 22, 1869.

"In testimony whereof the supervisor of said township and the township clerk thereof have signed their names hereto, as required by the act aforesaid, and dated the bond as authorized by the vote of the people.

"OLIVER L. NEWKIRK,
"*Supervisor of Chickaming Township.*

"O. C. GILLETTE, *Township Clerk.*"

The following is a copy of a coupon attached to the bond: —

"$100.]                                                    [No. 7.

"The Township of Chickaming will pay to the bearer, at the office of the treasurer of the county of Berrien, on the first Monday of February, 1875, one hundred dollars, interest due on their bond.

"OLIVER L. NEWKIRK,
"*Supervisor of Township.*

"O. C. GILLETTE, *Township Clerk.*"

The township pleaded the statutory general issue, with notice of certain special defences authorized by the statute of Michigan.

There was a verdict for Carpenter, and judgment having been rendered thereon, the township brought this writ of error.

The assignment of errors is set out in the opinion of the court.

*Mr. Edward Bacon* for the plaintiff in error.

*Mr. Mitchell J. Smiley* for the defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The assignment of errors in this case presents the following questions: —

1. Whether an action at law can be maintained in the Circuit Court of the United States against a municipal corporation of Michigan upon municipal bonds or the coupons for interest attached thereto ;

2. Whether the Circuit Court of the United States has jurisdiction of a suit brought by a citizen of a State other than Michigan to recover the amount due on an obligation of a municipal corporation of Michigan, for the payment of a sum of money to a corporation of Michigan or bearer, or to bearer ;

3. Whether the obligations and coupons sued on in this case could be introduced in evidence under the pleadings, without proof that the person who signed them as township clerk actually held that office at the time his signature was affixed and the obligations were delivered ; and,

4. Whether, since the obligations were not delivered to the corporation to which they were voted by the township, but to a corporation created by the consolidation of that corporation with another, they are valid.

1. As to the right to sue a municipal corporation of Michigan in the courts of the United States on an obligation for the payment of money.

If we understand correctly the cases in the courts of Michigan to which our attention has been directed, they decide no more than that in the courts of the State the remedy for the recovery of money from a municipal corporation on a liquidated demand is by *mandamus* against the proper officer, to require him to do his duty under the law with respect to the discharge of the obligation which has been entered into, and that for such purposes, in that jurisdiction, an independent judgment in an action at law against the corporation is not necessary. There is no law of the State prohibiting such a suit. All that has been determined is that, in the courts of the State, a judgment is not necessary to lay the foundation for a writ of *mandamus* to require the officer to do his duty.

In the courts of the United States, however, a *mandamus* can only be granted in aid of an existing jurisdiction, and in this class of cases a judgment against the corporation is an essential prerequisite to such a writ, although in the courts of

the State it is not. This whole subject was fully considered at the last term in *Davenport* v. *County of Dodge*, 105 U. S. 237, where the other cases establishing the rule are cited.

2. As to the jurisdiction of the courts of the United States in a suit by the assignee of an obligation of a municipal corporation of a State payable to a citizen of the same State or bearer, or to bearer.

This question was decided at the present term in *Thompson* v. *Perrine, ante,* p. 589. The act of March 3, 1875, c. 137, which provides, sect. 1, that the District and Circuit Courts of the United States shall not "have cognizance of any suit founded on a contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law merchant and bills of exchange," is certainly not a limitation on the Judiciary Act of Sept. 24, 1789, c. 20, which provided, sect. 11, that the same courts should not "have cognizance of any suit to recover the contents of any promissory note or other chose in action in favor of an assignee, unless a suit might have been prosecuted in such court to recover the said contents, if no assignment had been made, except in cases of foreign bills of exchange." Under the act of 1789 it was always held that an obligation payable to bearer, or to an individual or bearer, did not come within the prohibition of suits by assignees. *Bank of Kentucky* v. *Wister*, 2 Pet. 318; *Bushnell* v. *Kennedy*, 9 Wall. 387; *City of Lexington* v. *Butler,* 14 id. 282.

3. As to the necessity for proving that the township clerk whose signature appears on the bonds and coupons was in fact township clerk when he affixed his signature.

The name of the person who signed the bonds as clerk is O. C. Gillett. That O. C. Gillett signed the bonds was admitted, but it was denied under oath that he was clerk of the township prior to the end of the summer of 1869, which was more than sixty days after the bonds were voted by the town. The statutes of Michigan and the rules of the Circuit Court in force when this cause was tried provided that upon the plea of the general issue in an action upon any written instrument, under seal or without seal, the plaintiff should not be put to the

proof of the execution of the instrument or the handwriting of the defendant unless the plea was verified by affidavit.  In this case the suit was on a written instrument, and the plea was the general issue.  This plea, however, was not verified in broad terms; but an affidavit was filed to the effect, argumentatively, that the township clerk, whose signature was necessary under the law to the due execution of the bonds, could not have signed them before the end of the summer of 1869, because he was not clerk until after that time.  The law, under which the bonds weı. ıssued, provided that if any township voted the aid to railroads, which was authorized, it "shall, within sixty days after the question of aid is determined by a vote of the electors, . . . issue its coupon bonds for the amount so determined to be granted."

The effect of the affidavit was to raise the question whether the bonds were valid if issued after the sixty days.  The affirmative of showing that they were issued within the sixty days was probably put by the pleadings on the plaintiff.  This showing he did not make.  Consequently the objection to the admissibility of the bonds resolved itself into the question of their validity, issued as they were after the time.

We see nothing in the statutes which takes away from the township authorities the right to execute and deliver bonds, if for any reason it is not done within the time named.  The word "shall" as used in the statute undoubtedly gives the township officers the whole of the sixty days to get the bonds out, but it certainly does not imply that if they fail to do it voluntarily within the time they cannot be compelled to do so afterwards.  And if they can be compelled to do so, it necessarily follows that they should do it voluntarily.  We have not been referred to any decisions by the courts of Michigan to the contrary, and construing the statute for ourselves, we think that valid bonds may be issued after the time.  This being so, the antedating does not invalidate the bonds.  In this suit no attempt is made to recover for interest accruing before actual delivery.

4. As to the issue to the consolidated company.

This precise question was before us at the last term in *New Buffalo* v. *Iron Company*, 105 U. S. 73, and decided adversely

to the claim of the plaintiff in error.   We see no reason for reconsidering that case, and this cannot be distinguished from it.

*Judgment affirmed.*