## ADAMS *v.* COMMISSIONERS OF REPUBLIC CO.

*(Circuit Court, D. Kansas.   March 3, 1885.)*

1. CIRCUIT COURT—JURISDICTION—SUIT ON COUNTY WARRANTS.

County warrants, signed by the chairman of the county commissioners and county clerk, directing the county treasurer to pay to bearer a certain sum, for certain services stated therein, are negotiable and pass from hand to hand and not by assignment, and therefore do not come within the restriction of jurisdiction in the first section of the act of congress of March 3, 1875.

2. SAME—CITIZENSHIP—DEFENSES.

The holder of such warrants, being a citizen of another state, may sue thereon in this court, although the original payee is a citizen of this state but subject to all defenses which existed against them in the hands of the first holder.

At Law.

*G. C. Clemens,* for plaintiff.

*Irwin Taylor,* for defendants.

FOSTER, J.   This is an original action brought in this court on county orders or warrants, amounting to $1,000, with interest from September 15, 1873, issued by the defendant county on the date aforesaid.   The petition alleges that the orders were issued to the King Bridge Company, and that plaintiff is now the owner and holder of the same, and that he is a citizen of the state of Pennsylvania, and the defendant is a municipal corporation of the state of Kansas.   The answer sets up several matters of defense, and plaintiff replies thereto, and defendant demurs to this reply, assuming that the demurrer relates back to the petition.   The first question presented is a question of jurisdiction: the question whether the averments in the petition make a case cognizable in this court.   The defendant claims that, inasmuch as the King Bridge Company, the party to whom these warrants were issued, could not maintain this action, not being a citizen of another state, that the plaintiff who holds them by transfer cannot,

as this kind of paper does not come within the exception named in the first section of the act of March 3, 1875. The petition makes no averment as to the citizenship of the King Bridge Company, to whom the orders were issued, which is a material averment to be made, if this suit is founded on contract in favor of an assignee, unless this paper is held to come under the designation of promissory notes, negotiable by the law-merchant, or bills of exchange, in which case the citizenship of the original payee or assignor would become immaterial. It has been repeatedly decided by the supreme court that the bill or complaint must aver the facts necessary to confer the jurisdiction in the federal court. *Turner* v. *Bank,* 4 Dall. 8; *Dred Scott Case,* 19 How. 401; *Godfrey* v. *Terry,* 97 U. S. 171; *Robertson* v. *Cease,* Id. 646; *Grace* v. *Insurance Co.* 109 U. S. 278; S. C. 3 Sup. Ct. Rep. 207; *Corbin* v. *County of Black Hawk,* 105 U. S. 667.

The orders sued upon read as follows:

"No. ——.                     COUNTY CLERK'S OFFICE, REPUBLIC COUNTY,
$100.00                     BELLEVILLE, KAN., September 15, 1873.
"Treasurer Republic county pay to King Bridge Company, or bearer, the sum of one hundred dollars, on account of services erecting bridge at New Scandinavia, Kansas, as allowed by the board of county commissioners of Republic county.                     J. H. FLINT, Chairman.
"Attest: SAMUEL W. SKEELS, County Clerk."

The act of March, 1875, § 1, provides as follows:

"Nor shall any circuit or district court have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon, if no assignment had been made, except in cases of promissory notes negotiable by the law-merchant, and bills of exchange."

The act of 1789 declares that no district or circuit court shall have cognizance of any suit to recover the contents of any promissory note or other chose in action in favor of any assignee, unless a suit might have been prosecuted in such court to recover the said contents, if no assignment had been made, except in cases of foreign bills of exchange. Section 629, Rev. St. 110.

Under this provision of the latter act it was repeatedly held by the supreme court that the restriction of jurisdiction did not apply to notes and other obligations that were payable to bearer and passed from hand to hand, but was limited to such notes and choses in action as passed by assignment or indorsement. *Bank of Kentucky* v. *Wister,* 2 Pet. 326; *Bushnell* v. *Kennedy,* 9 Wall. 391; *City of Lexington* v. *Butler,* 14 Wall. 293. Since the act of 1875 this rule has been adhered to and applied to that act. *Thompson* v. *Perrine,* 106 U. S. 592; S. C. 1 Sup. Ct. Rep. 564, 568; *Chickaming* v. *Carpenter,* 106 U. S. 666; S. C. 1 Sup. Ct. Rep. 620.

The later cases were suits upon municipal bonds and coupons, and the question remains whether these county warrants or orders come under the same rule. It is urged by the defendant that they are not

promises to pay; that the holder cannot bring a suit upon them; that they are in no sense negotiable paper; and that they can only pass by assignment, and not from hand to hand by delivery. Now, it so happens that the supreme court has given the negative to each of these propositions. In *Mayor* v. *Ray*, 19 Wall. 478, and *Wall* v. *Monroe Co.* 103 U. S. 77, the supreme court has clearly fixed and established the character of this kind of paper, and the rights of the holder thereof. And, *first*, it is decided that these warrants are negotiable and transferable by delivery or indorsement; when payable to bearer, they pass by delivery from hand to hand; *second*, that the holder may base an action on them in his own name to recover the amount; *third*, that they are *prima facie* evidence of the debt, but the holder takes them subject to all defenses existing against them in the hands of the original holder. In the case last cited, the court say:

"They establish *prima facie* the validity of the claims allowed, and authorize their payment. * * * The warrants being in form negotiable, are transferable by delivery so far as to authorize the holder to demand payment of them, and to maintain in his own name an action upon them. * * * The transferee takes them subject to all legal and equitable defenses which existed to them in the hands of the original payees."

The jurisdiction of the court was not challenged in these cases, although the facts as to the issue and transfer of the warrants were quite similar to those in the case at bar.

The supreme court having thus declared the rights of the holder of such paper, we need not examine any decisions of the state courts on that question. They are negotiable; they pass from hand to hand; they are *prima facie* evidence of the debt; and the holder may bring suit on them in his own name. It seems to me that this brings them very clearly within the rule of *Thompson* v. *Perrine* and *Chickaming* v. *Carpenter, supra;* and the plaintiff is not the assignee of a contract or chose in action within the acts of 1875 and 1789. It seems that the *bona fide* holder takes these warrants very much like a purchaser of a negotiable note after due,—subject to all defense. But it would hardly be claimed that the purchaser of a negotiable note after due could not sue in this court unless the payee could have done so. The act of 1875 speaks of promissory notes *negotiable by the law-merchant.* A simple note payable to a particular person, or bearer, or order, is negotiable by the law-merchant.

Now, supposing a citizen of Kansas makes to another citizen of Kansas such a negotiable note for $501, and a citizen of Missouri becomes the *bona fide* owner and holder of it, and brings a suit against the maker in this court, could it be urged as a defense that he bought it after due, and therefore this court had no jurisdiction? Certainly not. If the fact pleaded was true, it would simply subject the plaintiff's claim to all legal and equitable defenses which could have been made had the suit been brought by the original payee. He would hold it just as the supreme court decides the holder of these warrants holds

them,—subject to all defenses; but that is not the test of jurisdiction of this court.

In this case the answer sets out certain matters of defense, and, among others, that the bridge built, for which these warrants were issued, was a private bridge, built and owned by said King Bridge Company, and not for the county. The reply is—*First*, a general denial; and, *second*, a special denial of the before-named averment in the answer, and the counter-allegation that the bridge was built for the county, and was accepted by it, and has been in the constant use and occupation of said defendant, etc. The plaintiff pleads this matter for the purpose of claiming an estoppel against the county; but as it is no more or less than a special denial and counter-allegation of matter set up in the answer, without passing upon the question of estoppel, it seems to me the reply is not demurrable for that cause.

BREWER, J., concurring.