## LAWTON *v.* BLITCH.

*(Circuit Court, S. D. Georgia, E. D.* February 22, 1887.)

REMOVAL OF CAUSES—REMAND BY CONSENT.

  Where a removable suit has been properly removed under the act of March 3, 1875, from a state court into this court, the consent of parties cannot authorize this court to remand the cause to the state court.

*(Syllabus by the Court.)*

  Action on Note. Removed from state court. Motion to remand.

  *Denmark & Adams,* for plaintiff.

  *Garrard & Meldrim,* for defendant.

  SPEER, J. This is a motion to remand a cause to the state court by consent of parties. From the record it appears that the plaintiff commenced his action against the defendant in the state superior court, on a promissory note for $1,110.07, payable to Charles F. Stubbs or bearer. It is alleged in the declaration that, after its maturity, Stubbs "indorsed, duly assigned, transferred, and delivered" the note to the plaintiff, a non-resident. The defendant filed, with other pleas, a plea in the state court, alleging that the plaintiff is not, and never was, the true owner of the note sued on, and that it is necessary, for the protection of the defendant, that the title of the holder of the note be inquired into. The plaintiff then had the cause removed to this court, under the act of March 3, 1875, alleging in his petition that, at the time the action was commenced, he was, and still is, a citizen of the state of South Carolina, and the defendant a citizen of the state of Georgia. The transcript of the record from the state court was filed in the clerk's office of this court, June 25, 1886. An order in the following terms, and signed by counsel for both parties, is now presented to the court for its signature:

  "Upon motion and consent of plaintiff and defendant, it is ordered by the court that said cause be, and the same is hereby remanded, to the state court."

  I do not think this court has the authority to make the order. When a cause is properly removed to this jurisdiction, under the act of March 3, 1875, the jurisdiction of the state court is finally determined. It ceases to exist. Further proceedings by it would be *coram non judice.* *New York Silk Manuf'g Co.* v. *Second Nat. Bank,* 10 Fed. Rep. 204; *Shaft* v. *Phœnix Mut. Life Ins. Co.,* 67 N. Y. 544. The authorization to remove a cause from the federal to the state court is expressed as follows:

  "Where it shall be made to appear, to the satisfaction of said circuit court, at any time after such suit has been removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said circuit court shall proceed no further therein, but shall dismiss or remand it to the court from which it was removed, as justice may require." Act March 3, 1875, § 5, (18 St. U. S. 470.)

  v.30F.no.9—41

The jurisdiction of the state court is extinguished by the removal of the cause, if it be properly removed. The jurisdiction then is in this court precisely as if it had commenced here, and this court cannot give it *status* anew in the state court, without express authority of law so to do, and there is no such warrant in the act of congress. This court would have as much right to transfer to the state court any other case of which it had jurisdiction by consent of parties. The consent of parties cannot empower the court to do that which it has no jurisdiction to do, with relation to this or any other application. The case may be dismissed here, and commenced anew in the state court, but to remand it, is quite another proceeding. Had this case been brought to this court from an inferior judicature, or from a member of the same general system, it might be that an equivalent motion "by consent" could be granted. The state court, however, is entirely independent of this court, and, as a consequence, we will not presume to place a cause upon its roll, even though counsel ask it.

Counsel for plaintiff propose to sustain the consent order by an admission of record that the assignment of the note to the plaintiff was made after maturity, for the purpose of conferring jurisdiction upon this court; but they will not admit, nor have they any reason to believe, that the transfer was improperly or collusively made, or made without a valuable consideration. The admission does not appear to strengthen the application. A *bona fide* conveyance of property in controversy, for the express purpose of conferring jurisdiction, or the transfer of a note for that purpose, is no ground for remanding a removed cause. *Hoyt* v. *Wright*, 4 Fed. Rep. 168; *Lanning* v. *Lockett*, 11 Fed. Rep. 814; *Lexington* v. *Butler*, 14 Wall. 282; *Bushnell* v. *Kennedy*, 9 Wall. 387; *Green* v. *Custard*, 23 How. 484; *Chickaming* v. *Carpenter*, 106 U. S. 663, 1 Sup. Ct. Rep. 620. The transfer must be actual, and not merely colorable. *Farmington* v. *Pillsbury*, 114 U. S. 138, 5 Sup. Ct. Rep. 807.

The only legal ground suggested by counsel for defendant which could sustain the motion to remand is that the transfer of the note to the plaintiff was without consideration, and merely colorable, that he might acquire a standing in the court to enable him to prosecute in the interest of the resident payee. But to this the plaintiff's counsel will not agree.

The motion to remand by consent is denied.