HORST et al. v. MERKLEY et al.

(Circuit Court, N. D. California. January 17, 1894.)

No. 11,605.

CIRCUIT COURTS—JURISDICTIONAL AMOUNT—REAL CONTROVERSY.

When it appears from the plaintiff's own testimony that one of the causes of action pleaded never had any existence, and the remaining matters are not of sufficient value to support the jurisdiction, the case must be dismissed.

At Law. Action by Paul R. G. Horst and others against R. J. Merkley and others. Dismissed for want of jurisdiction.

Boyd, Fifield & Hoburg, for plaintiffs.

Robert T. Devlin, for defendants.

GILBERT, Circuit Judge. The plaintiffs bring an action against the defendants for the recovery of moneys advanced, and for damages sustained by reason of the breach of a contract. On the trial the question arises whether or not the matter in dispute is sufficient to bring the case within the jurisdiction of the court. It is alleged in the complaint that the plaintiffs and the defendants entered into a contract whereby the latter were to sell and deliver to the former 24,000 pounds of hops growing upon certain premises, the same to be delivered between August 15 and October 1, 1891, for which the plaintiffs were to pay defendants 17 cents per pound; that under said contract the plaintiffs made advances of money to the defendants, and the defendants delivered to plaintiffs on August 21, 1891, 10,046 pounds of the hops, leaving a balance due the plaintiffs on said advances in the sum of $775.73; and that the defendants refused to deliver the remainder of the said hops under the contract, to the plaintiffs' damage in the sum of $1,500; and for both said sums demand is made for judgment. The defendants admit the claim for advances, but deny that they failed to perform the contract, and deny the plaintiffs' claim for damages, and for counterclaim demand damages of $1,000 against the plaintiffs, alleging that the plaintiffs refused to receive the hops under the contract.

The only evidence offered on the trial concerning the breach of contract alleged in the complaint was that of one of the plaintiffs. He testified that in the latter part of February, 1892, some four or

five months subsequent to the date at which the hops were to have been delivered under the contract, the price of hops rose to such a figure that the excess of the market price at that time over the price contracted for, on the undelivered hops, would have amounted to the gross sum of $1,500. He admitted, however, that at the time when the hops were to have been delivered, and for some time thereafter, the market price of hops, such as those contracted for, was considerably below the contract price, and that during September and October, 1891, he could readily have bought hops equal in quality and value to those contracted for at 14 or 15 cents per pound. The evidence in the case shows, moreover, that the plaintiffs, at and before the time fixed for the delivery, were contriving to avoid their obligation to receive the remainder of the hops, and that they finally refused to accept the same, alleging as their reasons therefor that no written notice of the time of delivery had been given them, as required by the terms of the contract, and that the delivery, when made, was made after business hours on the last day of the period limited in the contract. At the close of the evidence the plaintiffs waived their claim of damages.

From the plaintiffs' own testimony, it is evident that there was not only no damage to them from the failure—if failure there were—of the defendants to comply with the contract, but that they derived a benefit therefrom. The plaintiffs' claim of damages is therefore clearly fictitious. This is not a case of failure of proof, or of the waiver of a portion of a demand which had been really in dispute. It is a case where the plaintiffs' statement of the facts—the facts upon which the claim of damages was formulated in the complaint—conclusively proves that the cause of action never existed. It is the duty of the court, of its own motion, to dismiss a case, whenever it shall be made to appear that the facts upon which its jurisdiction depends do not exist. Had the facts which the plaintiff now testifies to been specially declared upon, in the complaint, a demurrer to the complaint for want of jurisdiction would have been sustained. Instead of appearing upon the pleadings, the facts are disclosed upon the trial, through the plaintiffs' own admission in open court. The result is necessarily the same.

In an action of tort, it is true the plaintiff may allege his damage in such sum as he may deem proper, and the jurisdiction will be sustained, notwithstanding the fact that a jury may assess the damages at a sum far below the jurisdictional amount. Gordon v. Longest, 16 Pet. 97; Hynes v. Briggs, 41 Fed. 468. But if it appear from the plaintiff's own testimony, or that of his witnesses, that a verdict for damages in $2,000 would be so clearly excessive as to require the court to set it aside, the case will be dismissed for want of jurisdiction. Maxwell v. Railroad Co., 34 Fed. 286; Lee v. Watson, 1 Wall. 337; Hilton v. Dickinson, 108 U. S. 174, 2 Sup. Ct. 424; Bowman v. Railway Co., 115 U. S. 611, 6 Sup. Ct. 192. In Hilton v. Dickinson, supra, it was said by the court:

"It is undoubtedly true that, until it is in some way shown by the record that the sum demanded is not the sum in dispute, that sum will govern, in all questions of jurisdiction; but it is equally true that, when it is shown

that the sum demanded is not the real matter in dispute, the sum shown, and not the sum demanded, will prevail."

In this case the plaintiffs' demand for $775.73 advances is admitted by the defendants, and the only matter in dispute is the defendants' counterclaim of $1,000. The cause must therefore be dismissed for want of jurisdiction.