### FRENCH v. JEFFRIES et al.

No. 8729.

Circuit Court of Appeals, Seventh Circuit.

May 7, 1945.

Rehearing Denied June 14, 1945.

George C. Adams and Beckman, Healy, Reid & Hough, all of Chicago, Ill., for appellant.

Harold L. Reeve, Robert W. Marriott, Jr., Charles R. Aiken, Benjamin G. Clanton, Earle F. Tilley, A. G. Humphrey, and Aiken, McCurry, Bennett & Cleary, all of Chicago, Ill., for appellees.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

William Jeffries, a resident of Cook County, Illinois, died October 7, 1941, intestate. He left surviving him a widow, Nellie Jeffries, and an adopted son, William Jeffries, Jr. While the estate was in the process of settlement and in litigation in the state courts, one Harper French, a gambler who had not worked for twenty-five years, filed a suit in the United States District Court for the Northern District of Illinois against Nellie Jeffries, William Jeffries, Jr., Charles R. Aiken, Administrator to Collect of the Estate of William Jeffries, Deceased, and others, in which the plaintiff claimed an interest in an estate, real and personal, of William Jeffries, Sr., alleged to be of the value of $100,000.

The evidence shows that Harper French never had any cause of action of any kind. Bruseaux, a colored detective, and Nellie Jeffries, the widow of William Jeffries, Sr., deceased, asked French to come from Detroit to Chicago and report to them at Nellie Jeffries' home. She met him at the door and told him he was supposed to be the brother of William Jeffries, Sr., and she introduced him to two women present at that time as the brother of the deceased. She made arrangements for French to meet her at Bruseaux' office in Chicago the next day. French reported there as directed. Bruseaux and Nellie Jeffries were there, and again told him he was supposed to be the brother of the deceased and she and Bruseaux "schooled him" on how to play his part. Then they called a colored lawyer, and it was agreed among the three, Bruseaux, Nellie Jeffries, and the lawyer, that each would give French $500.-00. After so informing French, they produced papers for him to sign which he did without reading them. After he signed the papers, Bruseaux told him to go to Detroit and "Don't have nothin' to do with nobody 'til I send for you." French was given $25.00 by Bruseaux and Nellie Jeffries to pay his expenses from Detroit.

French went back to Detroit and the lawyer filed a suit in the United States District Court of the Northern District of Illinois with Harper French as plaintiff as before stated. In this complaint, in addition to alleging that he was the half brother of William Jeffries, Sr., French alleged that he had given William Jeffries, Sr., in his lifetime $3,000 with which to purchase some property so that Jeffries could act as a paid bondsman. The property was to be held in trust for French and he was to have a half interest in all the properties deceased purchased out of his profits as a bondsman; the deceased died the owner of property allegedly valued at $100,000. It was also alleged that the attempt of William Jeffries, Sr. to adopt William Jeffries, Jr. was void. It was necessary to establish that the deceased had no children in order that French might become an heir of the deceased.

Nellie Jeffries answered the complaint, admitting that French was a citizen of

Michigan, and she filed a counter complaint in which she alleged she was the owner of the property of which deceased died seized and admitting all the allegations that French made concerning the invalidity of the proceedings for the adoption of William Jeffries, Jr.

The matter was referred to a Master. French was produced before the Master by the attorney for William Jeffries, Jr., who was also the Administrator of the estate of William Jeffries, Sr. Under oath French emphatically denied he was the half brother of William Jeffries, Sr. and that he had any interest in any of the property of which Jeffries died seized, or of which he was the owner. He denied that he ever gave William Jeffries Sr. $3,000 with which to purchase any real estate and said that the claim which he asserted in his complaint was not true and never existed in fact. The Master found that:

"* * * Harper French had confessed his complicity in the scheme to defraud the estate. * * *"

The Master in his preliminary report, speaking of the witness, French, said:

"* * * Although obviously the witness is a man of little formal education, and by his own admission has been a professional gambler most of his life, he manifested a remarkable memory as to details, persons and events, as well as a keen and discerning understanding of his present predicament and of his part in the institution and prosecution of this suit. The Master was impressed by the witness' forthright attitude and by his candor in admitting the role he played in the attempted fraudulent assault upon the estate."

The Master and the court both found that there was jurisdiction. The question of jurisdiction was raised at the trial, in the briefs, and on the oral argument. That the question of jurisdiction was present in the minds of the Master and the attorneys is apparent from the record. At the conclusion of the first testimony taken, which was that of the plaintiff Harper French, counsel for Nellie Jeffries, who was not her attorney at the time of the fraudulent acts described above, insisted on dismissal of the complaint for want of jurisdiction. The Master observed:

"The Master, you know, lives by his fees here. What assurance am I going to have to get my fees? The plaintiff is abandoning his complaint and the cross-complainant is debating whether he would like to or not." [1]

After receiving assurances from the Administrator that the Master's fees would be paid, he proceeded. Then the attorneys for the parties attempted to stipulate that they would waive the question of jurisdiction and not raise it again. It hardly needs the citation of authority to support the proposition that the parties cannot stipulate to waive jurisdiction or by their consent can confer jurisdiction. Hayden v. Manning, 106 U.S. 586, 1 S.Ct. 617, 27 L.Ed. 306; McEldowney v. Card, C.C.Tenn., 193 F. 475: Writ of Error Dismissed, 6 Cir., 213 F. 1020. The Master proceeded to consider the case on its merits and to file his report to the District Court, which was approved, and the District Court considered the case on its merits and found against French on his complaint and Nellie Jeffries on her countercomplaint. Nellie Jeffries appealed.

We think there is some evidence in the record that French was a resident and citizen of Detroit, Michigan, but the claim asserted by French was a fraud and had no existence whatever in fact. He had no claim of any kind against anyone he sued. French had been promised $1,500 for his part in the fake law suit, and when he didn't get it, he talked. The case just did not exist, and was filed fraudulently, the result of the scheme to defraud the estate of William Jeffries, Sr.

The suit did not "* * * really and substantially involve a dispute or controversy properly within the jurisdiction of said district court * * *" as required by statute. 28 U.S.C.A. § 80. Not only was the case fraudulently filed, it was collusively filed for the purpose of conferring jurisdiction. This is apparent from the fact that the claim was asserted for at least $3,000. Such conduct prevents jurisdiction from ever attaching. 28 U.S.C.A. § 80. It was a fraud on the court. Lehigh Mining & Manufacturing Co. v. Kelly, 160 U.S. 327, 339, 16 S.Ct. 307, 40 L.Ed. 444.

Where the claim asserted by the plaintiff has no existence in point of fact and is fraudulently asserted in a complaint, such a claim is incapable of supporting the

[1] Both attorney for the plaintiff and attorney for the counterclaimant made motions to dismiss the complaint and the countercomplaint.

jurisdiction of the court. Horst v. Merkley, C.C.Cal., 59 F. 502. See also St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845.

The Master found that Nellie Jeffries, the countercomplainant, had admitted in her answer that:

"If the plaintiff (French) did advance $3,000 to William Jeffries, Sr. as alleged in the amended complaint, it was a loan. * * *"

She further alleged:

"* * * that all of the said real estate was purchased by monies earned by (Nellie Jeffries) and she became and was the sole owner of all the property, but permitted William Jeffries, Sr. to hold title for the purpose of signing bonds."

In her sworn countercomplaint, Nellie Jeffries swore:

"* * * Countercomplainant (Nellie Jeffries) states that on or about January 26, 1922, she furnished to William Jeffries, Sr., the sum of, to-wit: Two Thousand ($2,000.00) Dollars of her own savings, and Three Thousand ($3,000.00) Dollars *loaned her by Harper French, plaintiff,* with which to purchase a deed to the property * * *."

This is the same Nellie Jeffries who conspired with Bruseaux to get French to file this fake suit. No allegations or admissions that she might make could possibly aid the court's jurisdiction as to amount. She is a part of the fraud. That fraudulent suit involved no dispute or controversy between the purported plaintiff and the purported defendants. If there was any dispute or controversy, it existed between citizens of Illinois only. That fraudulent suit was incapable of affording jurisdiction to the District Court.

When the Master and the District Court saw that it was a fake suit, it was the Master's duty to recommend dismissal, and the court's duty to dismiss the case. Not only did they not dismiss it, they prolonged it after the parties themselves, both attorneys for the plaintiff French and the countercomplainant Nellie Jeffries, had moved to dismiss the complaint and the countercomplaint.

When it shall appear at any time that a suit in the District Court does not really and substantially involve a dispute or controversy properly within the jurisdiction of the court, it should dismiss the case and proceed no further. It is our duty, where the District Court so fails to dismiss for want of jurisdiction and proceeds to dismiss on the merits, to dismiss the case, even though the question of jurisdiction was not raised in the court below or on appeal. Weymon-Bruton Co. v. Ladd, 8 Cir., 231 F. 898.

The case is dismissed for want of jurisdiction.

KERNER, Circuit Judge, concurs in the result.