## FRENCH v. JEFFRIES et al.
### No. 9274.

Circuit Court of Appeals, Seventh Circuit.
May 2, 1947.

Geo. C. Adams, of Chicago, Ill., for appellant.

Charles R. Aiken, Benjamin G. Clanton, and Henry C. Ferguson, all of Chicago, Ill., for appellee.

Before SPARKS and MINTON, Circuit Judges, and BRIGGLE, District Judge.

SPARKS, Circuit Judge.

The estate of William Jeffries, deceased, is the bone of contention in this controversy. His administrator, his widow, Nellie Jeffries, and William Jeffries, Jr., an adopted son of decedent and Nellie Jeffries, are parties defendant. The two latter defendants filed counterclaims, and the administrator filed a motion to dismiss the proceedings for lack of jurisdiction, due to plaintiff's confessed fraud in instituting the action, to which Nellie Jeffries was a party. The District Court denied the administrator's motion to dismiss for lack of jurisdiction and heard evidence on the issues raised by the complaint and counterclaims and the answers thereto. The District Court then dismissed the entire proceedings for lack of equity. On appeal to this court, by Nellie Jeffries alone, we ordered the judgment of the District Court to be vacated and we

remanded with directions to dismiss for lack of jurisdiction. We further ordered that there be no recovery of costs in this court by any of the parties to this appeal. 7 Cir., 149 F.2d 555, certiorari denied, Jeffries v. Jeffries, 326 U.S. 755, 66 S.Ct. 93.

Upon reinstatement in the District Court, the proceedings were dismissed by that court, on July 2, 1946, for lack of jurisdiction, in compliance with our order. It was then further ordered and decreed by that court that all costs of the proceeding in the District Court be taxed against the defendant and counterclaimant, Nellie Jeffries, "and that the administrator of the estate of William Jeffries, deceased, have execution for the reimbursement of such costs and charges as have been heretofore paid by him." The facts out of which this controversy arose are sufficiently set forth in our former opinion.

On July 12, 1946, Nellie Jeffries filed her petition in the District Court to vacate and set aside the court's decree of July 2, 1946, which that court denied on October 7, 1946, in the following language:

"It is ordered (1) that leave be and it is hereby given to amend said petition to vacate or modify decree on its face by striking paragraph 2, page 1, thereof, (2) that the motion to vacate and set aside the decree entered on July 2, 1946, be and it is hereby overruled and denied, (3) that the motion that carbon copy of Report of Proceedings heretofore had be filed by Administrator Charles R. Aiken be and it is hereby overruled and denied and (4) that said Administrator * * * present for filing within five * * * days from this date a Transcript of Proceedings had at this hearing."

The present appeal is attempted to be taken from the order of October 7, 1946, upon a notice of appeal filed by her on November 25, 1946. From the order of July 2, 1946, there has been no appeal. However, appellant contends that her notice of appeal is sufficiently broad to cover the decree of July 2, 1946. It reads as follows:

"Nellie Jeffries, one of the defendants and countercomplainants in the above entitled cause, appellant, hereby gives notice of her appeal to the Circuit Court of Appeals for the Seventh District from the final decree entered on October 7, 1946, overruling Nellie Jeffries' motion to vacate or modify the decree entered July 2, 1946, taxing all costs against Nellie Jeffries, and denying the motion to direct the Administrator to file carbon copies of report of proceedings, as well as all other orders and decrees entered in the above entitled cause adverse to said Nellie Jeffries."

It seems absurd to contend that appellant by this notice intended to appeal from the decree of July 2, 1946. It is clear to us that that part of the notice, following the date "October 7, 1946," merely described those portions of the court's ruling on that date which were objectionable to appellant. It will be noticed that she raises three objections to what she refers to as the final decree of October 7, 1946. The first is that the court overruled her motion to vacate or modify the decree entered July 2, 1946. It is also worthy of notice that the prayer in her petition of July 12, 1946, did not ask for a modification of the decree of July 2, but it asked to vacate it and set it aside. Subsequently appellant was permitted to and did modify this petition by striking its second paragraph because it tended somewhat to reflect upon the court's opportunity to properly pass upon the issues there determined.

■ The second alleged objection to the court's decree of October 7, was that the court by its decree of July 2, assessed all costs against appellant. This phase of the ruling is not an appealable order. 28 U.S. C.A. § 80. The basic question here attempted to be raised is purely one of costs and involves only a discretionary ruling. In such case no appeal lies, because indiscretion of the court with respect thereto is not disclosed. Moreover, no appeal was taken from the decree of July 2, wherein the assessment of costs appears. Glendale Elastic Fabrics Co. v. Smith, 100 U.S. 110, 25 L.Ed. 547; Du Bois v. Kirk, 158 U.S. 58, 15 S.Ct. 729, 39 L.Ed. 895; Walker v. Lee, 9 Cir., 71 F.2d 622.

■ It should be borne in mind that the third objection to the decree of October 7, related entirely to the ruling on appellant's

motion of July 12, to require the administrator to file copies of prior proceedings, which was not a final order, hence not appealable, and was in no way connected with the decree of July 2.

These are precisely the objections she raised to the decree of October 7, and there is nothing in this notice to indicate an intention on her part to appeal from the decree entered July 2. Moreover, to accept her construction of her language would be a clear violation of the Federal Rules of Civil Procedure, as well as of the rules of this court, which require that she should specify and designate the decree or decrees from which she desires to appeal, and no such appeal shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree. 28 U.S.C.A. § 230.

It seems clear that appellant's petition of July 12, 1946, did not seek a retrial of the issues under the decree of July 2, 1946, although that court, for proper cause, if any, might have granted the prayer to *vacate* and *set aside* that decree and at the same time might have ordered a retrial of the issues. However, it did not do so, and even if the motion of July 12, 1946, by any stretch of the imagination, be considered as a motion for a retrial, it was overruled on October 7, as a matter of discretion, with the court, and that ruling can not now form the basis of appeal. Wayne United Gas Co. v. Owens-Illinois Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557; Bass v. Baltimore & O. Terminal R. Co., 7 Cir., 142 F.2d 779. If it ever could form such basis it must have been exercised by notice of appeal from the decree of July 2, 1946, and not from the decree of October 7, 1946. Time for such appeal has long since passed and every issue here raised, except as to the administrator filing copies of the record, was determined on July 2, 1946, and no appeal has yet been taken from that decree. We are without jurisdiction to entertain the present appeal. See 28 U.S.C.A. § 230; George v. Victor G. M. Co., 293 U.S. 377, 55 S.Ct. 229, 79 L.Ed. 439; Wayne United Gas Co. v. Owens Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557; Smith v. United States, 7 Cir., 52 F.2d 848;

Burns v. Ender Coal & Coke Co., 7 Cir., 104 F.2d 964. See also Cuno Engineering Corporation v. Hudson Co., D.C., 49 F.2d 654; Bensen v. United States, 9 Cir., 93 F.2d 749; State Tax Comm. of Utah v. United States, 10 Cir., 136 F.2d 903.

Appeal dismissed.