## HOOPER v. THE SAC COUNTY BANK.

1. **Tax Sale and Deed:** DELINQUENT TAXES NOT CARRIED FORWARD. A sale of land for delinquent taxes not brought forward on the tax books, as required by § 845 of the Code, is void.

2. ———: STATUTE OF LIMITATIONS: ACTION BY GRANTEE OF PURCHASER ON COVENANTS OF WARRANTY. Defendant had only an invalid tax title to the land in question, but it conveyed it to the plaintiff by warranty deed. Prior to this conveyance, and within the five years prescribed by statute, the holder of the patent title had begun an action to set aside the tax title, but had failed to offer to repay the taxes paid by the holder of the tax title, which was necessary to a recovery. After the expiration of five years from the executing and recording of the tax deed, plaintiff bought in the patent title, and then begun this action against defendant for a breach of its covenant of warranty. *Held* that, since the action to set aside the tax deed might, by amendment, have been prosecuted to judgment, (see *Barke v. Early, ante,* 273,) plaintiff's action could not be defeated on the ground that her tax title had been cured by the statute of limitations, and that she took nothing by her purchase of the patent title.

3. **Covenant of Warranty:** ACTION FOR BREACH: PURCHASE OF PARAMOUNT TITLE: CONSIDERATION. Where the vendee of land with covenants of warranty obtained only a void tax title, but afterwards bought in the valid patent title for a named sum, which she agreed to pay out of the damages which she might recover in an action against her first grantor for a breach of warranty, *held* that such action could not be defeated on the ground that she had paid no consideration for the paramount title, but that she might recover the consideration agreed to be paid. (Compare *Royer v. Foster,* 62 Iowa, 321.)

4. ———: ———: OFFSET: TAXES PAID ON LAND. In such case, *held* that defendant had no claim upon the land for taxes paid before it was conveyed to plaintiff, which it could offset against plaintiff's damages on the breach of warranty.

*Appeal from Sac District Court.*

WEDNESDAY, JUNE 29.

ACTION at law by Adelia M. Hooper, appellee, to recover upon the covenants of warranty in a deed executed by defendant conveying certain lands to plaintiff. The cause was tried

without a jury, and judgment rendered for plaintiff. Defendant appeals.

*S. M. Elwood* and *Ed. R. Duffie*, for appellants.

*Mason & Thomas*, for appellee.

BECK, J.—I. It appears that in the court from which this case is appealed, and probably in other courts in that quarter of the state, there have been a number of actions involving the validity of tax titles at some time held by D. Carr Early. We had submitted to us at a prior term of this court three actions in chancery involving these tax titles. See *Barke v. Early, ante,* 273. Other actions of the same character are pending in this court. Counsel for defendant advise us that these actions are numerous. It seems that some questions are common to all these cases, and it appears that each case has questions peculiar to itself. Counsel for defendants have been singularly successful in mingling many or all of these cases in their arguments in this case, resulting in the presentation in a perplexing re-array of questions and facts not in the case before us. In this way, counsel, instead of aiding, have perplexed us, creating necessity for much wholly profitless labor. We cannot require costs to be paid by the party in fault in this respect, for the reason that, by affirmance of the judgment, he is required to pay all of the costs. We point out this grave fault, with the hope that it may be regarded as an admonition against its repetition.

II. This action is brought to recover upon the covenants of a deed. The petition alleges that the defendant conveyed, by deed of general warranty, certain lands to plaintiff's grantor, who by like deed conveyed to plaintiff. It shows that the defendant's title was based upon a tax deed to D. Carr Early, which was void for the reason that the tax for which the land was sold was not carried forward to the tax lists of the year in which the land was sold. The tax deed is therefore void. It was executed

1. TAX sale and deed: delinquent taxes not carried forward.

Hooper v. The Sac County Bank.

and recorded more than five years before the action was
brought. The plaintiff acquired the patent title from Hunter, who, at the time of the conveyance to plaintiff, had an action pending to set aside the tax deed commenced less than five years after the tax deed was recovered. The answer of defendant alleges that the petition of Hunter did not show an offer to refund the taxes paid under the tax title. These allegations are not denied in the counter-pleadings.

*2. ——: statute of limitations: action by grantee of purchaser on covenants of warranty.*

III. It is insisted that plaintiff's action cannot be maintained for the reason that Hunter could not have successfully assailed the tax deed, for the reason that he showed in his petition no offer to pay taxes paid by the holders of the tax title, and that his action was therefore barred at the time of the conveyance to plaintiff, who therefore acquired no title by such conveyance. But Hunter's action was pending at the time of the conveyance, and by an amendment to his petition he could have prosecuted it to judgment without the intervention of the bar of the statute. See *Barke v. Early, ante,* 273. His action, therefore, arrested the statute of limitations, which ceased to run when it was commenced, and plaintiff's action, therefore, is not barred.

IV. It is insisted that plaintiff fails to show the payment of any consideration for the land, in that the record shows that payment was not actually made; plaintiff entering into an agreement to pay her grantor the amount of the consideration out of the sum to be recovered by her in the action against defendant. The deed recites the amount of the consideration. The agreement provides for the time and manner of payment. We think plaintiff may recover the amount of the consideration. See *Royer v. Foster,* 62 Iowa, 321.

*3. COVENANT of warranty: action for breach: purchase of paramount title: consideration.*

V. Defendant insists that, as it paid taxes upon the land before the conveyance to plaintiff, it has an interest in the land to that extent, the value whereof ought to be deducted from the amount plaintiff otherwise would be entitled to recover. But we are unable to discover

*4. ——: ——: offset: taxes paid on land.*

that defendant, by the payment of the taxes, acquired an interest in the land. Possibly, as against the proper party, it could enforce the repayment of the taxes, not on the ground that it held an interest in the land, but for the reason that equity demanded the repayment. No such equity exists between it and plaintiff.

The foregoing discussion disposes of all questions in the case. The judgment of the district court is

AFFIRMED.