PIERCE v. HERROLD *et al.*

**Real Estate :** TAX TITLE : CONVEYANCE WITH WARRANTY : FAILURE OF TITLE : TAXES PAID BY WARRANTOR : INTEREST IN LAND. Where the owner of a tax title conveys with warranty, and the title fails, but a judgment is rendered in his favor for taxes paid by him on the land, and the amount thereof is in court, and afterwards a judgment is rendered against him on his covenant of warranty, he cannot claim that he had an interest in the land to the extent of the judgment for taxes, and that he is entitled to credit for that amount on the judgment against him on the warranty.

*Appeal from Sac District Court.*—HON J. H. MACOMBER, Judge.

FILED, OCTOBER 13, 1888.

THE facts are stated in the opinion.

*Mason & Thomas*, for appellants.

No appearance for appellee.

SEEVERS, C. J.—This record is not readily understood, and, because of the complicated facts and condition of the record, we regret exceedingly that we have not been favored with an argument by counsel for the appellee. The material facts we understand to be as follows: The plaintiff sought a foreclosure of a mortgage on real estate, executed by the defendant Herrold, and he obtained title from D. Carr Early under a warranty deed. After the execution of the mortgage, Herrold conveyed to Wickersham, and he to Bruner. Both of these conveyances contained covenants of warranty. The title of Herrold to a part of the mortgaged premises failed for the reason that his grantor, Early, had no title. It was so held in *Barke v. Early*, 72 Iowa, 273.

The plaintiff in that action, however, was required to pay a certain amount of money to recompense the defendants for taxes paid. The plaintiff has ceased to have any interest in this controversy. On December 3, 1887, a decree was entered in the district court, in which it was found and determined that there was "a difference of opinion among the parties as to who was entitled to the amount due from Early on his covenant of warranty; and, said Early claiming that he is entitled to a credit for the taxes he has paid on said land now in the hands of the clerk of this court, it is agreed that said money due from Early on his covenants of warranty may be paid into the court to abide the further order of this court. The court further finds that the amount due from Early on his covenants of warranty is fourteen hundred and seventy dollars." From this decree no appeal has been taken, and therefore it must be regarded as at least to some extent settling the rights of the parties. A day or two afterwards Bruner and Wickersham filed their petition, claiming that they were entitled to the money paid into court by Early on his covenant of

warranty in the deed made by him to Herrold, under whom they claim, as above stated. Early answered the petition, and claimed and asked the court to decree "that the funds in court, to which he was entitled on account of taxes paid upon the land, may be taken and considered by the court as the amount of his interest in the land conveyed by his deed to David Herrold, and that said sum may be credited upon the judgment entered against him on his covenants of warranty in such deed." The court decreed that Early was entitled to the relief asked, and the defendants Bruner and Wickersham appeal, and claim :

I.   That the decree of December 3, 1887, is an adjudication of the amount due from Early on the covenants of warranty, and that the only question left undetermined was, who was entitled to the money? and that it was not intended or contemplated by the decree that the money paid into the court by Early could in any event be reclaimed by him.   It must be conceded that this claim is specious, at least, but the terms of the decree are so indefinite that we are uncertain as to how it should be construed, and therefore do not determine this question.

II.   The appellants also claim that Early is not entitled to the relief granted, under the ruling of this court in *Hooper v. Sac County Bank*, 72 Iowa, 280 ; and we think this position must be sustained. The material facts in that and the case at bar are identical. The payment of the taxes by Early did not have the effect to give him an interest in the land.   He was simply entitled to the money paid, with interest.   It must necessarily follow that his grantees did not, by reason of the covenants of warranty, obtain any interest in the money paid by Early for taxes, and which was repaid him in pursuance of the decree in *Barke v. Early.* Early only conveyed the land, and if the title failed he was liable on his covenants of warranty.   We are unable to conceive of any reason upon which the decree from which the appeal is taken can be sustained, and therefore, it must be                            REVERSED.