DAGGETT, Respondent, vs. REAS, Appellant.

*February 3 — February 24, 1891.*

*Covenants for seizin and against incumbrances: Damages for breach.*

1. A valid certificate of a sale of land for taxes, held by a third person at the time a warranty deed of such land is given, is a breach of the covenant therein against incumbrances; and the recording of a tax deed to the holder of such certificate, when the land is vacant and unoccupied, is a breach of the covenant for seisin, since it vests the grantee with the constructive possession of the land, and necessarily operates as an eviction of the former owner.

2. Acts of the grantee in the warranty deed in going upon the land several times in each year, to see that no trespass is being committed, and to show the land to proposed purchasers, and in paying taxes thereon for the year preceding and three years following the recording of such tax deed, do not constitute an actual adverse possession, which will divest the holder of the tax title of his constructive possession, or remove the incumbrance thereof.

3. The measure of damages for a breach of the covenant in a deed against incumbrances, by the existence of an incumbrance which entirely defeats the estate conveyed, is the same as that for a breach of the covenant for seisin, after eviction by paramount title, viz.: the consideration paid for the land, with interest thereon for not exceeding six years prior to the commencement of the action. The taxes paid by the grantee cannot be added thereto.

APPEAL from the Circuit Court for *Waupaca* County.

The action is to recover damages for alleged breaches of the covenants against incumbrances, of seisin and of general warranty, in a deed of land executed by defendant to plaintiff. The deed is in the statutory form of a warranty deed (R. S. sec. 2208), and was executed December 10, 1883. The land conveyed by it was vacant and unoccupied. The plaintiff paid the taxes assessed thereon in the years 1883 to 1886, inclusive, amounting in all to $9.74. On May 26, 1884, a tax deed of the same land, duly executed by the county clerk to one Smith, was recorded in the office of the

register of deeds. The validity of the tax deed is not questioned. It was issued upon a certificate of the sale of the land for nonpayment of the taxes of 1881 assessed thereon, is in due form, and was properly recorded. When the deed of December 10, 1883, was executed, neither party to it had actual knowledge that there was an outstanding tax certificate on the land, nor had they any such knowledge of it or of the tax deed, until after the plaintiff had paid the taxes above mentioned.

The court instructed the jury to find for the plaintiff, and to assess his damages at the sums paid for the land, and the subsequent taxes thus paid by him, with interest thereon, limited to six years. The jury returned a verdict accordingly. A motion by defendant for a new trial was denied, and judgment for plaintiff entered pursuant to the verdict. The defendant appeals from the judgment.

The cause was submitted for the appellant on the brief of *A. L. Hutchinson* and *J. Fordyce,* and for the respondent on that of *Thorn & Guernsey.*

For the appellant it was contended that taxes paid could not be included in the damages for a breach of the covenant of seisin; and that putting a paper title on record was no eviction, and entitled the plaintiff only to nominal damages. Rawle on Covenants, 125–7, and notes; *Mecklem v. Blake,* 22 Wis. 495; *Ludlow v. Gilman,* 18 id. 552; *Smith v. Hughes,* 50 id. 620. It was for the plaintiff to show that the adverse title was paramount, his possession not being disturbed. Rawle on Covenants, 182, 234, 237, 278, 281. The question of possession should have been submitted to the jury. The payment of taxes by the plaintiff was an act of ownership, and was notice to the tax-title claimant, and called upon him to take actual possession, and his failure to do so, or to pay taxes, was an abandonment of his constructive possession. *Jones v. Collins,* 16 Wis. 603; *Lewis v. Disher,* 32 id. 506–8; *Wilson v. Henry,* 35 id. 247–8.

Daggett vs. Reas.

LYON, J.  The tax deed to Smith was valid and sufficient to convey to him the land described therein.   When it was recorded, on March 26, 1884, such land was vacant and unoccupied.   Hence the recording of the tax deed operated to vest in Smith, the grantee named therein, the constructive possession of the land.   See cases cited in note to sec. 1187, S. & B. Ann. Stats. p. 739.   When the plaintiff took his conveyance of the land from defendant, the tax sale certificate upon which the tax deed was· issued was outstanding, and therefore an incumbrance upon the land. The recording of the deed necessarily operated to evict the plaintiff therefrom.   Hence there are substantial breaches of the covenants in defendant's deed to plaintiff, both of seisin and against incumbrances.   For a breach of the covenant against incumbrances, if there be an existing incumbrance which entirely defeats the estate conveyed, although there has been no constructive eviction, the measure of damages is the consideration paid for the land, and interest for not exceeding six years before the commencement of the action.  *Nichol v. Alexander*, 28 Wis. 118.  For a breach of the covenant of seisin after eviction by paramount title, the measure of damages is the same.  *Mecklem v. Blake*, 22 Wis. 495;  *Messer v. Oestreich*, 52 Wis. 684.   These propositions are not controverted by the learned counsel for the defendant.  They claim, however, if we understand their argument correctly, that, by reason of certain acts of the plaintiff in respect to the land, the constructive possession of Smith under his tax deed was interrupted from the time the deed was recorded, and the plaintiff was in actual adverse possession thereof from that time for more than three years.   If this is true, Smith cannot now maintain an action to recover the land under his tax deed, and the same has ceased to be an incumbrance thereon.  S. & B. Ann. Stats. sec. 1187.[1]   The acts referred to are that plaintiff

[1] This section provides that no action shall be maintained by the grantee in a tax deed, or any one claiming under him, to recover the possession

Daggett vs. Reas.

went upon the land several times in each year to see that no trespass was being committed upon it, and to show the same to persons proposing to purchase it, and also paid the taxes thereon from 1883 to 1886 inclusive. These acts · do not constitute actual possession under the statutes or any of the authorities. The essential conditions of such possession are specified in secs. 4212, 4214, R. S., which are made applicable to this action by sec. 1190. So far as the payment of taxes is concerned, the plaintiff did not record his deed from defendant until 1887, and until after he had paid all such taxes. There is no proof that the tax-title grantee had actual or constructive notice until that time that plaintiff had or claimed any interest in the land. So, if such grantee is chargeable with constructive notice that plaintiff had paid such taxes, he had the right to regard him as a mere volunteer, and not as asserting any claim to the land, · the record title to which, independently of the tax deed, was in defendant. But had such title been in the plaintiff, and had Smith known that he paid such taxes under a claim of ownership, we think the ruling would be the same. We are aware of no law which makes the payment of taxes, under those circumstances, evidence of actual possession in the person paying the same, or effectual to divest the constructive possession of the grantee in a tax deed of vacant land.

We conclude the plaintiff is entitled to recover substantial damages, that is to say, the consideration paid for the land, and interest thereon, limited to six years previous to the commencement of the action, for the breaches of the covenants of seisin and against incumbrances in the defend-

of any land or any interest therein, unless such action shall be brought within three years next after the date of the execution of such deed; or unless such land demanded shall be, when so conveyed, vacant and unoccupied, and so remain, and such grantee, or those claiming under him, shall have paid, before sale, all taxes assessed thereon, during the three years next after the date of the recording of such deed.—REP.

ant's deed to him.   But, under all the authorities, that is the limit of his recovery.   Hence it was error to include in the judgment the taxes paid by plaintiff.   For this error the judgment must be reversed.

There is no necessity for another trial.   Although there is no special verdict, yet a computation shows indisputably that the verdict includes the taxes paid by the plaintiff.   It is therefore equivalent to a special verdict finding that fact. Were there a special verdict, the court would direct a judgment for the consideration and interest.   We think this should be done under the verdict as it is, which, as just said, is the equivalent of a special verdict.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment for the plaintiff as above indicated.