## MILOT, RESPONDENT, *v.* REED, APPELLANT.

[Submitted January 4, 1892. Decided February 23, 1892.]

DEEDS — *Warranty* — *Taxes.* — A covenant in a deed to warrant and defend plaintiff's "right, title, and interest in and to said premises," and the quiet and peaceable possession thereof, "unto the said party of the second part, his heirs and assigns, against the acts and deeds of said party of the first part, and all and every person and persons whomsoever, lawfully claiming or to claim the same," constitutes a sufficient warranty to compel the grantor to answer for taxes lawfully levied on the premises conveyed, and existing as a lien thereon at the time of the conveyance thereof.

*Appeal from Sixth Judicial District, Meagher County.*

Action on covenants of warranty in a deed. Defendant's demurrer was overruled and judgment rendered for plaintiff by HENRY, J.

*Smith & Boom,* for Appellant.

*Waterman & Callaway,* for Respondent.

HARWOOD, J. — The facts constituting the cause of action in this case are as follows: On the 10th of September, 1890, defendant, by deed of conveyance duly executed and delivered to plaintiff, conveyed to him certain real estate situate in the town of Castle, Meagher County, Mont. Said deed contained a covenant in the following words: "And the said party of the first part, and his heirs, do hereby covenant that he will forever warrant and defend his right, title, and interest in and to said premises, and the quiet and peaceable possession thereof, unto the said party of the second part, his heirs and assigns, against the acts and deeds of said party of the first part, and all and every person and persons whomsoever lawfully claiming or to claim the same."

At the time said deed was made and delivered, the real estate conveyed was subject to a tax theretofore duly assessed and levied thereon, which tax was then due and unpaid, and, at the time of the delivery of said deed, was a lien and encumbrance on said premises. That by reason thereof plaintiff paid out the sum of $60.59 to extinguish such tax and satisfy said lien, which sum of money defendant has not repaid the plaintiff. Upon these facts averred in the complaint plaintiff demanded judgment for the recovery of said sum of money.

Defendant demurred that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled by the court, and, on default of answer or further defense by defendant, a judgment was entered against him for the recovery of said sum, from which judgment this appeal is prosecuted.

The contention of appellant is that the covenants carried by the words "grant," "bargain," and "sell," by virtue of section 285, division 5 of the Compiled Statutes, do not apply to the conveyance in this case, because the deed contained express cove-

nants and warranties by the grantor. In support of this propo-
sition appellant cites the case of *Douglass* v. *Lewis*, 131 U. S.
75, and other cases therein cited. That is to say, appellant
contends that, by reason of the warranty expressed in said deed
(as above quoted), the grantor is presumed to have expressly
warranted by the terms of the deed, as far as was intended by
him, and the warranties fixed by statute to the words "grant,"
"bargain," and "sell" are not incorporated in said deed.

It clearly appears, when the complaint is carefully looked at,
that counsel have carried the contention in the case at bar out-
side of the averments of the complaint, and that the doctrine
laid down in *Douglass* v. *Lewis*, *supra*, does not apply at all
to the case at bar, because it does not appear from the complaint
that said deed contained either the words "grant," "bargain,"
or "sell." The only covenant of the deed set forth in the
complaint is the one quoted above. It is true that in the first
paragraph of the complaint it is alleged, as matter of induce-
ment, that on the tenth day of September, 1890, defendant
granted, bargained, sold, and conveyed to plaintiff the described
premises; but this is merely introductory matter, and can in
no way be considered as an averment of a covenant, or of the
words contained in the deed. The judgment in this action
was rendered on the pleadings and the covenant of warranty,
set out in paragraph 2 of the complaint, being the only cove-
nant of the deed in view of the court, such judgment must
rest entirely upon that express covenant, and not upon a cove-
nant implied, by provision of statute, from the words "grant,"
"bargain," and "sell"—words not shown to have been used in
the deed in question.

Looking now at the covenant of the deed pleaded in the com-
plaint, we find it contains two distinct propositions of warranty:
(1) To warrant and defend plaintiff's "right, title, and interest
in and to said premises;" and (2) "the quiet and peaceable
possession thereof." To what extent? "Unto the said party
of the second part, his heirs and assigns, against the acts and
deeds of said party of the first part, and all and every person
and persons whomsoever lawfully claiming or to claim the
same."

We have no doubt that this warranty was sufficient to com-

pel the grantor to answer for the taxes lawfully levied on said lands, and existing as a lien thereon at the time he made and delivered the deed in question. By his failure to answer the allegations of the complaint, he stands in view of the law as having confessed that said tax was lawfully levied, and constituted a lien and encumbrance upon the lands conveyed by said deed at the time he made said conveyance. (*Estabrook* v. *Smith*, 6 Gray, 572; 66 Am. Dec. 445; *Reed* v. *Pierce*, 36 Me. 455; 58 Am. Dec. 761; *Huyck* v. *Andrews*, 113 N. Y. 81; 10 Am. St. Rep. 432; *Daggett* v. *Reas*, 79 Wis. 60; *Pierce* v. *Herrold*, 75 Iowa, 504; *Foley* v. *City of Haverhill*, 144 Mass. 352.)

It is our opinion that judgment ought to be affirmed, and it will be so ordered, at the cost of appellant.

*Affirmed.*

BLAKE, C. J., and DE WITT, J., concur.