SCHUSTER, Appellant, v. NORTHERN CO., Respondent.

No. 9099.

Submitted October 22, 1952.   Decided February 11, 1953.

As Amended on Denial of Rehearing May 22, 1953.

257 Pac. (2d) 249.

Mr. John A. Brown, Chicago, Ill., Mr. Franklin A. Lamb, and Mr. Dale F. Galles, Billings, for appellant.

Mr. Thomas C. Colton, Billings, Mr. H. L. Maury, and Mr. A. G. Shone, Butte, for respondent.

Mr. Lamb and Mr. Shone argued orally.

MR. JUSTICE FREEBOURN:

This action, one for an accounting, arises out of a partnership between Martin B. Schuster and Joseph N. Schuster, which functioned as The Northern Company, a Montana corporation. Part of the accounting involved certain lands in Musselshell county, described in the complaint and in which plaintiff claimed some interest.

By cross-complaint and counterclaim, the defendant company asserts title to these same lands under a warranty deed executed by plaintiff, and others, as grantors, to defendant company, as grantee, by virtue of a previous court action and asks judgment for moneys paid as taxes upon such lands and levied before and existing as a lien on such lands at the time the warranty deed was given.

Judgment was entered on said cross complaint and counterclaim in favor of defendant company in the amount of $4,051.74, and from this judgment plaintiff appeals.

When the action came up for trial on October 31, 1950, counsel for plaintiff, although eight defendants were named in the complaint, announced ''we are not ready for trial'' because ''there has been no service on any of the defendants with the exception of the corporation itself. * * * we have only one defendant here,'' the Northern Company, a corporation, ''and it is absolutely necessary to have the other parties in interest in court. * * * We have been unable to get service here.''

The trial court then, upon motion of defendant's counsel, made, in part, the following order: ''The case has been pending more than three years and there has been no service of summons'' upon certain of the individual defendants. ''It appears from the records and files of said cause that the complaint in this action was filed the 4th day of October 1947, and summons was issued out of said court on the same date and that the only defendants served in said action, and the only appearances made for any defendant apply to The Northern Company, a Montana corporation, and Elizabeth Ann Colton, whose demurrer has been sustained and judgment entered in her favor, the court orders the action dismissed'' as to the other defendants ''leaving as the sole defendant in said cause The Northern Company, a Montana corporation.''

The court made the proper order in dismissing the action as to those defendants not served with summons within three years after the action was commenced, as shown by the record, and in so doing complied with R. C. M. 1947, sec. 93-4705, subd. 7, which provides: ''No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion ·of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within.

one year, and served and return made within three years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said three years. * * *''

The trial court then announced: "* * the court will call for trial civil cause No. 5288, Martin B. Schuster, plaintiff, v. The Northern Company, a Montana corporation, defendant, and I will ask the plaintiff to proceed with the trial."

Counsel for plaintiff announced: "* * I can't proceed;" "I cannot offer proof because I am unable to sustain the claim without the necessary parties * * *'' "All right," said the court, "in view of the statement of counsel for the plaintiff that no evidence will be offered on behalf of the plaintiff, the case stands for trial upon the counterclaim and cross-complaint of the defendant, The Northern Company, a Montana corporation."

Whereupon counsel for defendant company placed in evidence a warranty deed, covering the lands involved and dated July 17, 1947, in which Hannah T. Schuster, also known as H. T. Schuster, and Martin B. Schuster, her husband, and Mary Elizabeth Schuster, were grantors and The Northern Company, a Montana corporation, was grantee.

Plaintiff's reply admits that such "deed was given."

According to the record this deed was "executed by the grantors to the grantee pursuant to a judgment or a final decree of the district court for Musselshell county, Montana, entered July 9, 1947, in a certain action in said court brought by The Northern Company, the grantee herein as plaintiff, against Hannah T. Schuster, Martin B. Schuster and Mary Elizabeth Schuster, among others, as defendants, they being the grantors herein. The consideration for this deed is the judgment or decree of the court aforesaid and the directions therein contained for the execution of these presents."

The testimony of the county treasurer disclosed that, at the time the warranty deed was given on July 17, 1947, taxes on the property described therein, were delinquent "from 1942 up

until 1947'' in the amount of $4,051.74, not including penalty and interest.

Such delinquent taxes were "all paid up" and "all paid in the name of The Northern Company" on July 18, 1947, as shown by the certificates of redemption, The Northern Company having "made application to redeem the property sold."

The evidence further shows that the $4,051.74, so paid, was never repaid "into The Northern Company."

The matter being submitted, the trial court, on November 10, 1950, rendered judgment in favor of the defendant company and against the plaintiff in the said amount of $4,051.74.

Thereafter, on April 28, 1951, the plaintiff appealed from "said final judgment."

Appellant's specifications of error grow out of the contention that the covenants, as worded and contained in the said warranty deed, do not warrant, covenant, or promise that there were no delinquent taxes against the property described in the warranty deed on the date of the execution and delivery of such deed.

The warranty clause of the warranty deed provides: "* * * the said parties of the first part, * * * do hereby covenant that they will forever warrant and defend the right, title and interest in and to the said premises, and the quiet and peaceable possession thereof unto the said party of the second part * * * against the acts and deeds of said parties of the first part, and all and every person or persons whomsoever lawfully claiming * * * the same * * *."

In Milot v. Reed, 11 Mont. 568, 29 Pac. 343, 344, this court said:

"Looking now at the covenant of the deed pleaded in the complaint, we find it contains two distinct propositions of warranty: (1) To warrant and defend plaintiff's 'right, title, and interest in and to said premises;' and (2) 'the quiet and peaceable possession thereof.' To what extent? 'Unto the said party of the second part, his heirs and assigns, against the acts and deeds of said party of the first part, and all and every person and persons whomsoever lawfully claiming or to claim the same.'

"We have no doubt that this warranty was sufficient to compel the grantor to answer for the taxes lawfully levied on said lands, and existing as a lien thereon at the time he made and delivered the deed in question."

Under R. C. M. 1947, sec. 84-3809, the unpaid taxes became a lien upon the lands, section 84-3809 providing that: "Every tax due upon real property is a lien against the property assessed; and every tax due upon improvements upon real estate assessed to others than the owner of the real estate is a lien upon the land and improvements; which several liens attach as of the first Monday of March in each year."

Such unpaid taxes became an encumbrance upon the lands by virtue of R. C. M. 1947, sec. 67-1617, which provides: "The term 'encumbrances' includes taxes, assessments, and all liens upon real property."

Since the warranty deed provides that the "parties of the first part * * * do by these presents grant * * * unto the Northern Company" the lands described therein, the grantors impliedly, under the statutes, covenanted that, at the time of the execution of such deed, the lands were free from delinquent taxes.

And such implied covenant could be sued upon as if expressly set out in the deed. R. C. M. 1947, sec. 67-1616, in part provides:

"From the use of the word 'grant' in any conveyance by which an estate of inheritance or fee simple or possessory title is to be passed, the following covenants, and none other, on the part of the grantor for himself and his heirs to the grantee, his heirs and assigns, are implied, unless restrained by express terms contained in such conveyance: * * *.

"2. That such estate is at the time of the execution of such conveyance free from encumbrances done, made, or suffered by the grantor, or any person claiming under him.

"Such covenants may be sued upon in the same manner as if they had been expressly inserted in the conveyance."

The trial court, in its final judgment made subsequent to the trial, ordered "that plaintiff's complaint be, and the same is

hereby dismissed with prejudice as against the defendant, The Northern Company, a Montana corporation * * *.'' Appellant has assigned such dismissal with prejudice as error.

The trial court called the cause for trial and asked ''the plaintiff to proceed with the trial.''

''Mr. Brown: I will state to your Honor, as I have stated heretofore, I can't proceed. * * * I cannot offer proof because I am unable to sustain the claim without the necessary parties which counsel on the other side has also shown are necessary to the carrying out of the requirements of the complaint.

''The Court: All right, in view of the statement of counsel for the plaintiff that no evidence will be offered on behalf of the plaintiff, the case stands for trial upon the counterclaim and cross complaint of the defendant, The Northern Company, a Montana corporation.''

Whereupon the trial proceeded upon such counterclaim and resulted in judgment for the defendant company, which judgment dismissed plaintiff's complaint, as against The Northern Company, with prejudice. The trial court, in dismissing such complaint with prejudice, held that plaintiff was barred from proceeding with his cause of action against The Northern Company in a future action.

The term ''with prejudice'' as used in a judgment of dismissal has a well-recognized legal import. It is the converse of the term ''without prejudice,'' and a judgment or decree of dismissal with prejudice is as conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff. Union Indemnity Co. v. Benton County Lumber Co., 179 Ark. 752, 18 S. W. (2d) 327.

The terms ''with prejudice'' and ''without prejudice'' have been recognized as having reference to, and being determinative of, the right to bring a future action. Hargis v. Robinson, 70 Kan. 589, 79 Pac. 119.

There is no question but, had no counterclaim been made or affirmative relief sought by the defendant company in its answer, that the plaintiff upon payment of costs would have

the right to a dismissal without prejudice to the commencement of another action for the same cause.

Such right to a dismissal without prejudice to another action was lost when such counterclaim was made by the answer of defendant company, R. C. M. 1947, sec. 93-4705, providing: "An action may be dismissed * * *: 1. By the plaintiff himself, at any time before trial, upon payment of costs; provided, a counterclaim has not been made, or affirmative relief sought by the answer of the defendant. * * *"

As said in State ex rel. Cornue v. Lindsay, 24 Mont. 352, 61 Pac. 883, 885: "A plaintiff may dismiss or discontinue an action where no judgment other than for costs can be recovered against him by the defendant; but when, under the pleadings and evidence relevant thereto, such other judgment may be recovered, the plaintiff will not be permitted, as of course, to dismiss or discontinue."

It appears from the record that when the trial court asked plaintiff "to proceed with the trial," plaintiff failed, and in effect refused, to proceed with the trial of his action or offer any evidence in support of the allegations of his complaint. Plaintiff participated in the trial upon defendant company's counterclaim by objections made and cross-examination of witnesses.

Appellant asserts that, notwithstanding the foregoing facts and law, because of R. C. M. 1947, sec. 93-4708, such dismissal with prejudice should not have been made. Section 93-4708 provides: "A final judgment dismissing the complaint, either before or after a trial, does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment-roll, that it is rendered upon its merits."

Under R. C. M. 1947, sec. 93-4708, it must be shown that the judgment is upon the merits, and the fact that it is upon the merits must appear by express declaration either from the judgment or elsewhere from the judgment roll. Glass v. Basin etc. Min. Co., 35 Mont. 567, 90 Pac. 753; Bennetts v. Silver Bow

Amusement Co., 65 Mont. 340, 211 Pac. 336; Dunseth v. Butte Electric Ry., 41 Mont. 14, 108 Pac. 567.

A judgment of dismissal "upon the merits" does not mean ▮ it is a judgment of dismissal only after the rights and wrongs of the parties have been tried. Kleinschmidt v. Binzel, 14 Mont. 31, 35 Pac. 460, 43 Am. St. Rep. 604; Glass v. Basin etc. Min. Co., supra; Clark v. Oregon Short Line R. R., 38 Mont. 177, 99 Pac. 298; Dunseth v. Butte Electric Ry., supra.

In Dunseth v. Butte Electric Ry., this court said [41 Mont. 14, 108 Pac. 569] : "A judgment against the plaintiff on the merits, in the broadest sense of the expression, determines that he has no cause of action against the defendant. In a more restricted sense the words are sometimes used to indicate that he cannot recover in the particular form of action. (Citing Glass v. Basin & Bay State Min. Co., supra). In the first instance he is permanently out of court * * *.''

Whether a judgment of dismissal is upon the merits largely ▮ depends upon the facts and circumstances of the particular case.

Surely a judgment of dismissal may be said to be on the merits when, after plaintiff has lost the right to a dismissal without prejudice, it appears that at the time set for trial he cannot make a case in support of his complaint, and not only fails and refuses to proceed with the presentation of his case, but participates in the trial upon defendant's counterclaim.

The fact that plaintiff asserted, "I can't proceed * * * I cannot offer proof because I am unable to sustain the claim without the necessary parties," was not determinative of whether he could or could not make a case in support of the allegations of his complaint.

Apparently such assertion stemmed from the fact that summons and complaint were not served on the so-called necessary parties, because they were alleged to have resided outside the state of Montana. The so-called necessary parties who had been named as defendants could only aid plaintiff's cause by giving testimony as witnesses at the trial.

Even though summons and complaint could not be legally served upon them, yet their depositions could have been taken, R. C. M. 1947, sec. 93-1801-4, and read at the trial, as though the witnesses themselves had testified. Although more than three years had elapsed between the filing of the complaint and the day set for trial, no such depositions were produced or offered to prove the allegations of plaintiff's complaint. In the absence of such possible proof one may reasonably conclude that the claims of plaintiff, as set out in his complaint, were not meritorious.

Plaintiff instituted this suit. He knew that within a reasonable time after its institution he would be called upon to substantiate the allegations of his complaint with testimony and evidence. Yet more than three years after he has filed his complaint he comes into court and says, "I cannot make a case."

The rights of parties to a lawsuit must be settled "once and for all" and as expeditiously as possible. Union Bank & Trust Co. v. State Bank of Townsend, 103 Mont. 260, 62 Pac. (2d) 677, 682. As said in this case: "We do not think our laws were intended for the accomplishment of such delays and vexations, nor that the courts should lend themselves to the furtherance of procrastination. The law is neither a lottery nor a game of patience."

The only judgment of dismissal justified here, under all the circumstances of the situation, was one which made final disposition of plaintiff's claim against defendant, The Northern Company, as set out in the complaint, which was a dismissal with prejudice to a future action for the same cause.

The words, in the judgment dismissing the complaint, "with prejudice," were an express statement that the dismissal was upon the merits.

"A dismissal with prejudice has been held to be an adjudication on the merits of the case, a final disposition of the controversy which bars the right to bring or maintain an action on the same claim or cause of action." Pully v. Chicago, R. I. &

P. Ry., 122 Kan. 269, 251 Pac. 1100, 1101; Hargis v. Robinson, supra.

"A dismissal with prejudice is an adjudication on the merits of the case." 27 C. J. S., Dismissal & Nonsuit, sec. 73, p. 255.

"Under the practice in some jurisdictions, when a plaintiff who has lost his right to dismiss without prejudice, and who, under the pleadings, has the burden of proof, fails or refuses to proceed to trial, the proper course for the court to pursue is to enter a judgment of dismissal with prejudice." 27 C. J. S., Dismissal & Nonsuit, sec. 73, p. 256. See Hineline v. Minneapolis Honeywell Regulator Co., 8 Cir., 78 F. (2d) 854.

For the reasons stated the judgment of the district court is affirmed and the petition for rehearing denied.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES BOTTOMLY, and ANGSTMAN, concur.