TURNBULL v. ROSS et al.

(Circuit Court of Appeals, Fourth Circuit. November 9, 1905.)

No. 597.

**1. TRIAL—DIRECTION OF VERDICT.**

It is the settled rule in the federal courts that it is the right and duty of a trial judge to direct a verdict, where in his opinion the evidence would not sustain a verdict for the adverse party.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 379, 383, 391.]

**2. COURTS—FEDERAL JURISDICTION—COLLUSIVE TRANSFER OF CAUSE OF ACTION.**

A trial judge may properly dismiss a suit, where he is satisfied from the evidence produced on the trial that the property involved as the subject-matter of the action was collusively transferred to plaintiff, who was a citizen of another state, to enable a suit to be brought in the federal court and in fraud of its jurisdiction, notwithstanding the fact that he had previously overruled a motion to dismiss on that ground; and such dismissal may be made by the Circuit Court of Appeals on the same grounds.

**3. TRIAL—DIRECTION OF VERDICT.**

The action of a trial judge in directing a verdict for defendant on the ground of the insufficiency of plaintiff's evidence to sustain a recovery affirmed.

In Error to the Circuit Court of the United States for the District of South Carolina, at Columbia.

John J. McMahan (Lyles & McMahan, on the brief), for plaintiff in error.

J. S. Muller (Barron & Ray, Halcott P. Green, and P. H. Nelson, on the brief), for defendants in error.

Before PRITCHARD, Circuit Judge, and PURNELL and BOYD, District Judges.

PURNELL, District Judge. On February 24, 1903, plaintiff commenced his suit at law in the Circuit Court for the District of South Carolina, at Columbia, for the recovery of a tract of land of 500 acres in the county of Lexington, on Congaree river, alleged to be of the value of $100,000, annual rental value of $10,000 and damages $40,000 for the removal of the stone therefrom and the wrongful withholding possession. Issue being joined, and several defenses set up, a trial was had on January 16, 1905, at a regular term of the court. The record does not include or purport to contain all the evidence introduced, as required by rule 14, subsec. 3. The record at the close of the testimony, or so much thereof as is included in the record, contains the following:

"Plaintiff rested. Defendants moved to dismiss the case on account of lack of jurisdiction, on the ground that it appeared from the evidence that the action was brought really for the benefit of John Campbell Bryce, of South Carolina, and that the conveyance to Mr. Turnbull was made to get jurisdiction. His honor, the presiding judge, overruled the motion, stating that he would submit that question to the jury as one of the issues. Defendants then moved for a nonsuit in the way of a demurrer to the evidence upon the ground that it was not sufficient—that the plaintiff has not proved a good title in him-

self; the defendants' attorney citing to the court during the argument of such motion, and as an authority therefor, the decision of the Supreme Court of the state of South Carolina in the case of Bryce v. Cayce, 62 S. C. 546, 40 S. E. 948. The court ruled: 'In view of the fact that you have already had a trial of this case in the state court, where it properly belonged, and the jury there found against you, and the further fact that it is doubtful as to whether the suit was not brought for the benefit of Bryce by Turnbull, and that there is doubt as to whether you have made out a case that ought to go to the jury, I am disposed to end the case and direct a verdict for the defendants. The court directs the jury to find a verdict for the defendants.' Plaintiff's attorneys at the time duly excepted to the ruling and verdict, and then and there asked and obtained an order allowing 20 days in which to prepare and serve a bill of exceptions. Thereupon the counsel for the said plaintiff did then and there propose his aforesaid objection to the ruling of the said court, and prayed that his bill of exceptions might be sealed, and it is sealed accordingly."

Subsequently, when the formal bill of exceptions was presented, the record shows the trial judge indorsed the same as follows, to wit:

"Allowed, except in so far as it is stated that my judgment was influenced by the consideration that the action properly belonged to the state courts. I had no such views, and, of course, my judgment was not predicated upon them."

The bill of exceptions thus allowed presents four questions, which may be disposed of in the order presented.

First. That the court erred in directing a verdict but should have submitted all issues to the jury. The right or duty of a judge to direct a verdict in a civil cause is too well settled to admit of argument. The Supreme Court has said a trial judge is primarily responsible for the just outcome of the trial. "He is not a mere moderator of a town meeting, submitting questions to the jury for determination, nor simply ruling on the admissibility of testimony, but one who in our jurisprudence stands charged with full responsibility. He has the same opportunity that jurors have for seeing the witnesses, for noting all those matters not capable of record, and when, in his deliberate opinion, there is no excuse for a verdict save in favor of one party, and he so rules by instructions to that effect, an appellate court will pay large respect to his judgment." Patton v. Texas & Pacific R. R. Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361; Pythias Knights Sup. Lodge v. Beck, 181 U. S. 52, 21 Sup. Ct. 532, 45 L. Ed. 741. Many of the decisions of the Supreme Court on this subject are cited in Patton v. T. & P. R. R. Co., supra, and this ruling has, of course, been followed by the Circuit Courts of Appeal in the several circuits. In this circuit: Tucker v. B. & O. R. Co., 59 Fed. 968, 8 C. C. A. 416; Franklin Brass Co. v. Phœnix Assurance Co., 65 Fed. 773, 13 C. C. A. 124; Peoples Bank v. Ætna Ins. Co., 75 Fed. 507, 20 C. C. A. 630; Sloss Iron & Steel Co. v. S. & G. Ry. Co., 85 Fed. 133, 29 C. C. A. 50; Chapman v. Yellow Poplar Lumber Co., 89 Fed. 903, 32 C. C. A. 402; Hodges v. Kimball et al., 104 Fed. 745, 44 C. C. A. 402. There was, therefore, no error per se in directing a verdict.

The second assignment seeks to show there was error in referring to the fact that there had been a former action in the state court by John C. Bryce, plaintiff, against the defendants, or those under whom

they claimed, for the recovery of the same tract of land, which action had resulted in a decision by the Supreme Court adverse to plaintiff's claim and a final judgment for the defendants—it being insisted that plaintiff under the statute law of South Carolina, provided he pays the cost of the former action and commences his second action within two years, is entitled to two suits to recover real estate; that the first action though it result adversely will not sustain a plea of res judicata. This contention was insisted on with much vigor at the hearing, notwithstanding the declaration of the trial judge, in approving the formal bill of exceptions, that he "had no such views, and, of course, his judgment was not predicated upon them." Putting thoughts or views into a judge's mind which he expressly disclaims is carrying the art of mind reading farther than any psychologist, or the pretense of those who profess to practice this branch of that science, has ever claimed. True, the court said:

"In view of the fact that you have already had a trial of this case in the state court, where it properly belonged," etc., "I am disposed to end this case and direct a verdict for the defendants."

We would not presume to say, in the face of the declaration of the trial judge (who is a resident of and learned in the laws of South Carolina), and hold, his judgment was predicated on the view that the issues in the case were res judicata. His declaration on the subject is conclusive. We therefore decline to consider the exhaustive and learned argument of counsel, as set out in five briefs, on the effect, meaning, etc., of the statute of South Carolina (as contained in 17 St. at Large, p. 76; Code Proc. § 98), entitled "An act to limit the plaintiff in an action for recovery of realty to two actions for the recovery of lands."

Third:

"Because his honor entertained doubt as to whether the suit was not brought for the benefit of Bryce by Turnbull when he had overruled defendants' motion to dismiss for want of jurisdiction on that ground, and when the evidence clearly showed that the suit was brought not for the benefit of Bryce, but for the benefit of Turnbull alone, and his honor allowed such doubt to influence his judgment in granting said motion, which was error."

This bill of exception is not fairly stated. The trial judge did overrule the motion to dismiss, temporarily, but stated he would submit that question to the jury. The evidence in the record, when analyzed, will support, not only a well-founded doubt that the suit was brought for the benefit of Bryce by Turnbull, but a conclusion that the transfer was made for this purpose and was a fraud on the jurisdiction. The value of the land is fixed at $100,000, rental value $10,000 in the complaint, $40,000 by the testimony of Bryce, and yet the consideration recited in the deed is $1,000 based on a "calculation" as to what Turnbull "had been contributing to his expenses" and $10 per month. Turnbull, who is a brother-in-law of Bryce and claims property valued at from $40,000 to $100,000, was not examined. Whether he was even present at the trial does not appear. This indifference to so important a matter must have its weight. Bryce was

both present and testified. His testimony as set out is unsatisfactory, vacillating, and confusing. His testimony, especially on the cross-examination, even in cold type, leaves the impression on the judicial mind that the transfer of title was to enable Turnbull, a nonresident, to bring suit in the United States Circuit Court to reimburse himself, but mainly for the benefit of Bryce, and to a judge who has looked into the eyes of the witness and noted his manner of testifying and attendant circumstances, the conclusion is not unreasonable that all subsequent attempts to reconcile such testimony to any other state of facts could not do more than create a doubt, to which plaintiff, upon whom the burden of proof rested, was not entitled; nor does any testimony in the record tend to remove, but confirms, this impression. Under these circumstances it was not only within the sound discretion of the trial judge to direct a verdict, but his duty, if it so appeared to his satisfaction, to dismiss the suit.

"The act of 1875, specifically requires the Circuit Court to dismiss a suit where it shall appear that parties have been improperly made or joined for the purpose of creating a case cognizable by the court. The provision is regarded as a salutary one and should be applied with rigor. THE OCCASION FOR ITS ENFORCEMENT ARISES CHIEFLY IN CASES OF COLLUSIVE TRANSFERS OF THE SUBJECT-MATTER OF ACTION FROM PARTIES WHOSE CHARACTER OF CITIZENSHIP WOULD NOT ENABLE THEM TO SUE IN THE FEDERAL COURT IN THEIR OWN NAMES. Whatever may have been the practice in such cases prior to the act, the method of taking objection to the jurisdiction is not now confined to a plea in abatement. The question of collusion may be determined by the court or submitted to the jury under proper instructions." (The capitals in the text are the writer's.)

This text from 22 Ency. of Pl. & Pr. 281, is supported by numerous federal decisions. Williams v. Nottawa, 104 U. S. 209, 26 L. Ed. 720; Hayden v. Manning, 106 U. S. 586, 1 Sup. Ct. 617, 27 L. Ed. 306; Farmington v. Pillsbury, 114 U. S. 138, 5 Sup. Ct. 807, 29 L. Ed. 116; Cashman v. Amador, etc., Co., 118 U. S. 58, 6 Sup. Ct. 926, 30 L. Ed. 72; Cross v. Allen, 141 U. S. 528, 12 Sup. Ct. 67, 35 L. Ed. 847; Crawford v. Neal, 144 U. S. 585, 12 Sup. Ct. 759, 36 L. Ed. 556; Lehigh Mining & Co., v. Kelly, 160 U. S. 327, 16 Sup. Ct. 307, 40 L. Ed. 447, 448, 449; Lake Co. Commissioners v. Dudley, 173 U. S. 243, 19 Sup. Ct. 398, 43 L. Ed. 688; Woodside v. Ciceroni, 93 Fed. 1, 35 C. C. A. 177; Kunkel v. Brown, 99 Fed. 595, 39 C. C. A. 665, and others.

Fourth:

"Because upon said motion his honor entertained doubt as to whether the plaintiff had made out a case that ought to go to the jury, when he should have held from the evidence that the plaintiff had made out a clear prima facie case for the recovery of the possession of the land, and allowed such doubt to influence him in granting said motion, which was error.

"And because, even if the evidence did leave it in doubt as to whether the plaintiff had made out a prima facie case to go to the jury, he should have submitted it to the jury to determine, and it was error for him to grant the motion upon that ground."

This exception, stated as two, but in reality one, is evidently based on some state practice, and counsel who make it were inadvertent to the federal decisions hereinbefore cited. As before said, the record

does not contain all the testimony offered, or purport to do so, and this is further evidenced by references in the briefs to testimony or evidence which is not in the record, we are therefore unable to say the exceptions as above stated are well founded. On an examination of the record we conclude they are not. Plaintiff must recover on his own title in South Carolina, as elsewhere, in actions to recover real estate. On the trial no evidence or muniments of title as to any other was offered. Defendants offered no evidence—"stood mute"— as they had a right to do. The burden was on the plaintiff to prove his title. This he failed to do. The trial judge, who is primarily responsible for the just outcome of litigation, "construing all the evidence" and "noting all those matters not capable of record," held "in his deliberate opinion there was no excuse for a verdict save in favor of defendants," and "so ruled by instructions to that effect." This court can find in the record no sufficient reason to differ in the conclusion thus reached. This exception is therefore overruled.

Our first conclusion was to remand this cause, with instructions to dismiss the suit; but, the trial court having only expressed doubt on the material grounds for such dismissal, that there may be an end of the litigation, and the cause having been fully heard on a second trial, as it is contended the laws of South Carolina provide for, resulting as it had resulted in the state court, the judgment is affirmed, and the suit dismissed. Plaintiff in error will be taxed with the costs.

Affirmed and dismissed.

BOYD, District Judge. I concur in the conclusion that this case should be dismissed. I base my decision more particularly on the ground that it appears to me satisfactorily, from the evidence in the case, that the transfer of the property involved as the subject-matter of the action was collusive and intended as a fraud upon the jurisdiction of the Circuit Court of the District of South Carolina.