DUNSETH, RESPONDENT, *v.* BUTTE ELECTRIC RAILWAY
CO., APPELLANT.

(No. 2,792.)

(Submitted March 16, 1910.   Decided March 26, 1910.)

[108 Pac. 567.]

*Directed Verdict—Judgment—When on Merits—Res Adjudi-
cata.*

Directed Verdict—Judgment—Nature of.
 1.  A judgment on a directed verdict may or may not be a judg-
 ment on the merits, dependent upon the question decided by the court
 and the scope of the ruling.
Judgment—*Res Adjudicata.*
 2.  A litigant has no right, as against the same adversary, to have a
 question, either of law or fact, relating to the same cause of action,
 twice adjudicated in the same or another court of like jurisdiction,
 unless a re-examination of it has been regularly ordered.
Same—Directed Verdict—*Res Adjudicata.*
 3.  Plaintiff brought an action in the circuit court of the United
 States against a street railway company to recover damages for per-
 sonal injuries.   The judgment in that court recited that, after the
 impaneling of a jury, evidence was submitted by both parties, and
 at its conclusion a verdict was directed in favor of defendant.
 Plaintiff subsequently instituted suit in the state court on the same
 cause of action against the same defendant.   *Held,* that the judg-
 ment in the federal court was upon the merits, and a bar to the ac-
 tion in the state court.

*Appeal from District Court, Silver Bow County; Jno. B. Mc-
Clernan, Judge.*

ACTION by Sara Dunseth against the Butte Electric Railway
Company.   Judgment for plaintiff, and the defendant appeals.
Reversed and remanded, with directions to enter judgment in
favor of defendant.

There was a brief in behalf of Appellant by *Mr. W. M. Bick-
ford, Mr. George F. Shelton,* and *Mr. Charles A. Ruggles,* and
oral argument by *Messrs. Shelton* and *Ruggles.*

The direction of a verdict in the federal courts is a function
which the court not only may perform, but which, in a proper
case, it is bound to perform, and for failure to perform which

error may be assigned. (Rose's Code of Federal Procedure, pp. 866, 867, sec. 918a.) And the doctrine that a mere scintilla of evidence is not enough to prevent a federal court from directing a verdict is well established. (*Hinchman* v. *Lincoln,* 124 U. S. 49, 8 Sup. Ct. 369, 31 L. Ed. 337; *National Assn.* v. *Scott,* 155 Fed. 92, at 96, 83 C. C. A. 652; *Berbecker* v. *Robertson,* 152 U. S. 377, 14 Sup. Ct. 373, 38 L. Ed. 484; see, also, *Marande* v. *Texas etc. Ry.,* 184 U. S. 191; 22 Sup. Ct. 340, 46 L. Ed. 495; *Sloss Co.* v. *South Carolina Co.,* 85 Fed. 133, 29 C. C. A. 50; *Hodges* v. *Kimball,* 104 Fed. 750, 44 C. C. A. 193; *Turnbull* v. *Ross,* 141 Fed. 650, 72 C. C. A. 609.) Hence, a judgment on a directed verdict in a federal court, based upon full evidence, is not a mere judgment of nonsuit, but it is in all respects a judgment on the merits. (*Casey* v. *Pennsylvania Asphalt Paving Co.,* 109 Fed. 747, affirmed in 114 Fed. 189, 52 C. C. A. 145; see, also, *Briggs* v. *Waldron,* 83 N. Y. 582; *Burnett* v. *State,* 62 N. J. L. 510, 41 Atl. 719; *Andrews* v. *School District,* 35 Minn. 70, 27 N. W. 303; *Ordway* v. *Boston & M. Ry.,* 69 N. H. 429, 45 Atl. 243; *Aiken* v. *Lyon,* 127 N. C. 171, 37 S. E. 199.)

So far as this case is concerned, the matters fully adjudicated and concluded between the parties in the federal court were the same as the plaintiff is here attempting to again have tried. Such being the case, this court is bound to view the judgment of the United States circuit court pleaded in the answer in the same light, and to give it the same conclusive force and effect as that court itself would were the present case before it. (*Hyatt* v. *Challiss,* 59 Kan. 422, 53 Pac. 467; *Belcher* v. *Chambers,* 53 Cal. 635.) State courts are bound to conform their decisions to those of the federal courts on questions involving the construction of the constitution and laws of the United States. (*Clews* v. *Mumford,* 78 Ga. 476, 3 S. E. 267; *Bressler* v. *Wayne County,* 25 Neb. 468, 41 N. W. 356; *Moore* v. *Allen,* 3 J. J. Marsh. (26 Ky.) 612.) The decisions of the United States supreme court on questions as to the jurisdiction of the federal judiciary are controlling. (*Feusier* v. *Lammon,* 6 Nev. 209; *Elmendorf* v. *Taylor,* 10 Wheat. 152, 6 L. Ed. 289.)

Now, the federal courts have construed the federal statute with reference to procedure in those courts so as to hold that the federal practice upon the direction of verdicts is uniform, regardless of state laws or practice to the contrary. (*Sloss* v. *South Carolina Co., supra.*) And those courts have held, as already stated, that a judgment on a directed verdict is a judgment on the merits.

The judgment in this case itself shows on its face that it was rendered upon a consideration of all the facts and evidence in the case adduced on both sides, and was a judgment on the merits; and, so far as that point is concerned, is fully in conformity with the rule set forth in the case of *Glass* v. *Basin & Bay State Min. Co.*, 34 Mont. 95, 85 Pac. 746, and in section 6717, Revised Codes.

In behalf of Respondent, there was a brief by *Messrs. Breen & Hogevoll, Mr. L. P. Donovan,* and *Mr. E. B. Melzner,* and oral argument by *Messrs. Hogevoll* and *Donovan.*

A judgment upon the merits can in no event be entered except where the case has been fully heard by the court, and where from all of the facts before the court it affirmatively appears that the plaintiff does not have a cause of action. Since a verdict may be directed upon the ground that plaintiff's complaint is insufficient (*Badovinac* v. *Northern Pac. Ry. Co.* (Mont.), 104 Pac. 543), or upon the ground that there is a variance between plaintiff's pleading and proof (6 Ency. of Pl. & Pr. 698), or upon any other ground which would be reason for granting a nonsuit, it appears clear, upon principle, that a directed verdict is not an adjudication of the merits of the controversy as distinguished from the merits of plaintiff's pleadings as then before the court, or variance between the pleadings and the proof.

Assuming for the purpose of argument that the judgment entered upon a directed verdict may in some instances be an adjudication upon the merits, we submit that when a party relies upon such a judgment as an adjudication upon the merits

barring a subsequent suit, it is incumbent upon him to show that the motion for a directed verdict was based and granted upon some ground or grounds which went to the merits of the controversy.

The decisions in *McKay* v. *Montana Union Ry. Co.,* 13 Mont. 15, 31 Pac. 999, *Creek* v. *McManus,* 13 Mont. 152, 32 Pac. 675, and *Cummings* v. *Helena etc. Co.,* 26 Mont. 434, 68 Pac. 852, show that this court has uniformly treated a directed verdict as a nonsuit and nothing more; and as a verdict may be, and ordinarily is, directed upon those grounds which are prescribed as the basis for a nonsuit by the statute (Revised Codes, sec. 6714), it should be treated merely as a nonsuit and not as an adjudication upon the merits. This view finds support in the decisions of other jurisdictions. (*Couch* v. *Welsh,* 24 Utah, 36, 66 Pac. 600; 6 Ency. of Pl. & Pr. 694.)

If by virtue of some rule of practice peculiar to the federal court, but unknown to our state courts, a judgment entered upon a directed verdict is by the federal court itself regarded as an adjudication upon the merits, then such fact should have been pleaded by the defendant in support of its judgment, and should have been proved by the defendant. (See *Hanley* v. *Donoghue,* 116 U. S. 1, 6 Sup. Ct. 242, 29 L. Ed. 535; *Chicago Ry. Co.* v. *Wiggins Ferry Co.,* 119 U. S. 615, 7 Sup. Ct. 398, 30 L. Ed. 519; Wharton on Conflict of Laws, sec. 652.)

MR. JUSTICE SMITH delivered the opinion of the court.

This is an action brought in Silver Bow county to recover damages for personal injuries alleged to have been received by the plaintiff while alighting from a car of the defendant company on which she had been a passenger in the city of Butte. The defendant McConkey is alleged to have been the conductor, and the defendant Lang, the motorman, in charge of the car. The injuries complained of were sustained on May 29, 1907. The cause of action is based upon the allegation in the complaint that while the plaintiff had one foot upon the ground, and was in the act of alighting from the car, which had been

41 Mont.—2

brought almost to a standstill at the corner of Montana and Platinum streets, where she had previously signified to the conductor her desire to get off, the defendants negligently "jerked the car from under her," and caused her to fall to the ground, whereby she was injured. She alleges that, "had it not been for the jerk," she could have alighted with safety. The defendants answered separately, by (1) denying all of the allegations of the complaint, except the formal parts thereof, and the averment that plaintiff was a passenger on the car in question; and (2) by alleging affirmatively "that on or about the first day of November, 1907, in the circuit court of the United States, ninth circuit, district of Montana, there was an action pending between Sara Dunseth, plaintiff, and the Butte Electric Railway Company, a corporation, and August Rundblad, defendants; that the said Sara Dunseth, plaintiff therein, is the same Sara Dunseth, the plaintiff herein, who has brought this suit; that the Butte Electric Railway Company, the defendant therein named, is the same Butte Electric Railway Company that is made defendant in this suit; that the plaintiff in and by the complaint therein, claimed damages for personal injuries upon the same cause of action as herein set forth in the complaint filed in this cause; that the injuries alleged to have been suffered by the plaintiff therein, are the same as the injuries alleged to have been suffered by the plaintiff in this cause; and the facts alleged in said complaint therein are the same as those alleged herein, and the same cause of action was relied upon as a ground of recovery therein as that set forth in the complaint herein; that an answer to said complaint was duly filed by the said defendant Butte Electric Railway Company therein; that the replication thereto was filed by the plaintiff, and the said cause of action, being at issue, came on for trial in said United States circuit court for the ninth circuit, district of Montana, on or about the first day of November, 1907, before the court and a jury of twelve persons, duly impaneled and sworn to try the issues in said cause; that thereupon witnesses on behalf of the plaintiff were sworn and testified, witnesses were sworn and

testified on behalf of the defendant, and witnesses were sworn and testified in rebuttal; and the evidence being closed, and each party then and there announcing in open court that it had no further testimony to offer in said cause, the jury were instructed by the court, and thereupon returned into court their verdict in favor of the defendant Butte Electric Railway Company and against the plaintiff; and thereafter judgment upon the merits was duly given and made in favor of the defendant Butte Electric Railway Company and against the plaintiff, which said judgment so given and made was upon the merits, and not otherwise, and is as follows, to-wit: ' (Title of Court and Cause.)    Judgment.    The above-entitled cause coming on regularly to be heard, the respective parties being present in court, represented by their counsel, and announcing themselves ready for trial, the said action was dismissed, on motion of the plaintiff, against the defendant August Rundblad; whereupon a jury of twelve good and lawful men was impaneled to hear and try said cause, and evidence was submitted upon the part of the plaintiff and the defendant, and at the time when all of the evidence in the case had been submitted by the respective parties to said action, on motion of counsel for defendant, the court, having under consideration all of the evidence introduced in said action, and being fully informed in the premises, ordered and directed that a verdict should be rendered in favor of said defendant and against the plaintiff herein: Now, therefore, in consideration of the premises, and of said verdict, it is ordered, adjudged and decreed that the plaintiff herein take nothing by her said action, and that the defendant Butte Electric Railway Company go hence without day, and that said defendant Butte Electric Railway Company have judgment for its costs and disbursements herein expended.'    That by virtue of said judgment, and by reason of the proceedings hereinbefore set forth, the cause of action sued upon by the plaintiff herein has been fully determined and adjudicated by the judgment upon the merits hereinbefore set forth, and the plaintiff has no further right to proceed in this case upon the same cause of

action, tried and determined upon the merits in the former case.''

Plaintiff's replication to the affirmative allegations just quoted is as follows: ''Admits that on or about the first day of November, 1907, in the circuit court of the United States, ninth circuit, district of Montana, there was an action pending between Sara Dunseth, plaintiff, and Butte Electric Railway Company, a corporation, and August Rundblad, defendants; that the said Sara Dunseth, plaintiff therein, is the same Sara Dunseth, the plaintiff herein, who has brought this suit; that the Butte Electric Railway Company, the defendant therein named, is the same Butte Electric Railway Company that is made defendant in this suit; that the plaintiff, in and by the complaint therein, claimed damages for personal injuries upon the same cause of action as herein set forth in the complaint filed in this cause; that the injuries alleged to have been suffered by the plaintiff therein are the same as the injuries alleged to have been suffered by the plaintiff in this cause; and the facts alleged in said complaint therein are the same as those alleged herein, and the same cause of action is relied upon as a ground of recovery therein as that set forth in the complaint herein; that an answer to said complaint was duly filed by the defendant Butte Electric Railway Company therein; that the replication thereto was filed by the plaintiff; and the said cause being at issue, came on for trial * * * before the court and jury of twelve persons, duly impaneled and sworn to try the issues in said cause; that thereupon witnesses were sworn and testified on behalf of the plaintiff, witnesses were sworn and testified on behalf of the defendant, and witnesses were sworn and testified in rebuttal; that the following judgment was given and made (setting forth a copy of the same judgment pleaded in the answers). Denies, on information and belief, each and every other allegation in said further and separate answer contained.''

We have quoted the replication thus at length, for the reason that it appears to have been drafted with a view of inviting a motion for judgment on the pleadings, and thus clearly pre-

senting the question of law involved. It will be observed that the only denial in the replication is on information and belief, and relates to the allegation in the answer that the judgment of the federal court was upon the merits. A motion for judgment on the pleadings was duly made by the Butte Electric Railway Company. This motion was denied, the cause was tried, and a verdict returned in favor of the plaintiff and against that defendant on April 3, 1909, for the sum of $5,000. Judgment was entered on the verdict, a new trial denied, and the defendant company has appealed. The verdict is silent as to the individual defendants, making no reference to either of them; neither are they referred to in the judgment. The record in cause No. 2,794, which was argued and submitted with this appeal, discloses the fact that on June 25, 1909, plaintiff's counsel moved the court for an order dismissing the action as to the defendants McConkey and Lang, and on July 31, 1909, over objection of the defendant Butte Electric Railway Company, the order was made.

Several questions are discussed in the briefs of counsel, but the fundamental one is whether the judgment entered in the United States court was a judgment upon the merits, and therefore a bar to the present action. A solution of that question renders a consideration of others unnecessary, and for the purpose of arriving at it we shall assume that the issue is properly presented by the replication.

It is contended by the appellant's counsel that a judgment on a directed verdict is always and necessarily a judgment upon the merits. The following cases are thought to sustain the position: *Briggs* v. *Waldron,* 83 N. Y. 582; *Burnett* v. *State,* 62 N. J. L. 510, 41 Atl. 719; *Andrews* v. *School District,* 35 Minn. 70, 27 N. W. 303. We, however, are not inclined to go so far in our ruling; but are rather of opinion that a judgment on a directed verdict may or may not be a judgment upon the merits, dependent upon the question decided by the court and the scope of the ruling. It is not necessary that a question of fact should actually have been decided, in order to constitute a thing adjudi-

cated between the parties. If it be true, as apparently indicated by the pleadings in this case, that the cause came on for trial in the district court of Silver Bow county upon exactly the same state of the pleadings as had previously been presented to the federal court, then, whatever technical question of pleading may have been decided by the latter court, became a thing adjudicated, so far as the state court was concerned, and, as the point decided disposed of the entire case, then the entire case became *res judicata* upon that state of the pleadings. If the plaintiff was dissatisfied with the ruling of the federal court, it was her privilege to appeal. She had not the right, however, to make the same record in the state court and ask that court, in effect, to reverse the ruling of the federal court. A litigant has no right, as against the same adversary, to have a question, either of law or fact, relating to the same cause of action, twice adjudicated, in the same court or another court of like jurisdiction, unless a re-examination of the question has been regularly ordered. (See *Kleinschmidt* v. *Binzel*, 14 Mont. 31, 43 Am. St. Rep. 604, 35 Pac. 460; *Agnew* v. *McElroy*, 10 Smedes & M. (Miss.) 552, 48 Am. Dec. 772.) And an erroneous ruling is just as conclusive as a correct one, if allowed to become final.

But we have no difficulty in arriving at the conclusion, from a mere inspection of the judgment of the federal court, in the light of admissions in the pleadings, that the question determined was that, upon the facts in the case, the defendant as a matter of law was entitled to a final decision in its favor. The admissions in the pleadings, supplemented by a copy of the judgment of the federal court, supply all of the information that could be derived from an inspection of the judgment-roll. Section 6717, Revised Codes, declares: "A final judgment dismissing the complaint, either before or after trial, does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment-roll, that it is rendered upon its merits." This judgment does not expressly declare that it was rendered upon the merits. Neither does it in terms dismiss the complaint. Considerable confu-

sion has arisen because of the fact that the expression "upon the merits" has often been loosely or thoughtlessly employed. Black says: "We must not lose sight of the fact that a judgment, although not upon the merits, and therefore not conclusive in respect to the very cause of action, may still be final as to the precise point upon which the determination was based." (2 Black on Judgments, sec. 693.) There is a wide distinction between the merits of the whole controversy, and the merits of some particular question. As an illustration: A judgment rendered on a demurrer may or may not be a judgment on the merits, depending upon the circumstances of each case. (*Glass* v. *Basin & Bay State Min. Co.,* 35 Mont. 567, 90 Pac. 753.) And so with a judgment of involuntary nonsuit. (*Ordway* v. *B. & M. R. R.,* 69 N. H. 429, 45 Atl. 243.) There are many authorities in conflict with the case last cited, but we think the reasoning of the New Hampshire court is unanswerable. A judgment against the plaintiff on the merits, in the broadest sense of the expression, determines that he has no cause of action against the defendant. In a more restricted sense the words are sometimes used to indicate that he cannot recover in the particular form of action. (See *Glass* v. *Basin & Bay State Min. Co., supra.*) In the first instance he is permanently out of court; in the second, he may restate his case so as to disclose the cause of action that he has. But he cannot claim a right in that action to have the precise question, theretofore decided against him, again determined by the court, unless a re-examination has been regularly ordered. He may, however, as was pointed out by Mr. Justice Holloway, in *Glass* v. *Basin & Bay State Min. Co., supra,* supplement his original pleading by additional allegations which complete the statement of a good cause of action. For the purposes of this appeal we shall treat the expression "upon the merits" as though it were employed in its broadest sense.

There is nothing in the pleadings or upon the face of the judgment to indicate that it was rendered because of a mere defect of form; or because of any technical omission in the

plaintiff's pleadings; or on account of variance between pleadings and proof. And the suggestion naturally occurs, if such had been the case, why the fact was not set forth in the replication, at the time when the plaintiff, with so great particularity of detail, was narrating what did actually take place in the federal court, in contradiction of the allegation of the defendant that the cause was there decided upon its merits. Instead of doing so, she denied, on information and belief, that the same was so decided, when she must have known what actually took place.

Under the practice in vogue in this state now and at the time of the trial in the federal court (see section 6761, Revised Codes), the judge may direct the jury to render a verdict in favor of the party entitled thereto, where, upon the trial of an issue by such jury, the case presents only questions of law. It was intimated by this court, in *McKay* v. *Montana Union Ry. Co.*, 13 Mont. 15, 31 Pac. 999, *Creek* v. *McManus*, 13 Mont. 152, 32 Pac. 675, and *Cummings* v. *Helena & L. S. & R. Co.*, 26 Mont. 434, 68 Pac. 852, that the action of the court in directing a verdict is, in effect, the same as granting a nonsuit. This statement is true so far as it goes; that is to say, directing a verdict may have the same effect as granting a nonsuit. But the two modes of procedure differ in principle. A motion for a directed verdict may reach a situation which could not be reached by a motion for a nonsuit. For instance: The plaintiff may be able to establish a *prima facie* case; the defendant offers in bar affirmative matter which the plaintiff is unable to contradict or disprove. A motion for a directed verdict is properly interposed in such case, and this we believe to be the usual and ordinary practice. A motion for a directed verdict is sometimes made after the close of the evidence, in order to again raise the same point involved in the motion for a nonsuit, and sustained, the court having changed its mind in the meantime. In such case the motion serves the same purpose as a motion for a nonsuit. But the practice is not technically proper. It will be observed that section 6761,

Revised Codes, *supra,* permits a directed verdict when the case presents only questions of law. This section in nowise enlarges the powers of the court as applied to the facts. (*Ball* v. *Gussenhoven,* 29 Mont. 321, 74 Pac. 871.)

It is contended by the appellant that the federal courts have greater latitude in dealing with the weight of the evidence than have the state courts, and this is perhaps true. (See *Sloss I. & S. Co.* v. *South Carolina & G. R. Co.,* 85 Fed. 133, 29 C. C. A. 50; *Hodges* v. *Kimball,* 104 Fed. 745, 44 C. C. A. 193; *Turnbull* v. *Ross,* 141 Fed. 649, 72 C. C. A. 609.) But the difference in procedure, while it may serve to emphasize counsel's argument, does not affect the merits of the question we are considering. A determination by a court that, upon all the facts in the case, the plaintiff is not, as a matter of law, entitled to recover, is just as binding and conclusive upon him as a determination by the court or jury that his witnesses are not entitled to credit, and that he ought not to recover for that reason. In its ultimate effect we can see no difference in principle between a directed verdict and one not directed. It is only when the vital, deciding facts stand proven, and undisputed in effect, as well as in terms, that the court may direct a verdict. Another way to reach the same result is for the court to tell the jury that if they find the facts as so proven (which they necessarily must), then their verdict should be for plaintiff or defendant, as the case may be. But such verdict no more determines the cause on the merits than does a verdict dictated by the court. The result in principle is exactly the same. It expresses the judgment of the court and not that of the jury. So that it is not necessary in this case to predicate our decision, in any degree, upon any difference in practice or procedure between the federal courts and the state courts. The circuit courts of the United States are courts of general jurisdiction, corresponding in authority, in a general way and in their wider spheres, with the district courts of this state. Full faith and credit must be given to their records and proceedings. (2 Black on Judgments, sec. 938.)

It appears from the admissions in the pleadings and from the judgment pleaded that the cause was at issue in the United States court; that an issue of fact, necessitating the presence of a jury, was ready for trial; that, after the jury was impaneled, evidence was submitted by both parties—that is to say, the plaintiff produced evidence tending to establish the facts set forth in her complaint (it is so admitted in the pleadings), and evidence was offered on the part of the defendant. The presumption is that the plaintiff's evidence as to how the accident occurred was a truthful narration of the facts, and differed in no substantial respect from that which she must offer in the district court. It is significant that witnesses were sworn and testified, in rebuttal, showing that every opportunity was given and accepted to bring out all of the facts. Indeed, each party announced, as is customary under such circumstances, that it had no further evidence to offer. Thereupon the defendant moved for a directed verdict, and we will assume, for the benefit of the plaintiff, notwithstanding the fact that the cause was being tried in a federal tribunal, that the court did not consider the weight of the evidence, but that the ground of the motion was that, as a matter of law, the defendant was entitled to a verdict. Thereupon the court, "having under consideration all of the evidence introduced in said action and being fully informed in the premises," directed the jury to render a verdict for the defendant. It seems to us that the conclusion is inevitable, from the language employed, that the court, applying the law to the facts, decided that, upon those facts, the plaintiff had no cause of action against the defendant. We do not see how the matter could be made plainer or how it can be claimed, in view of the express declaration of the federal judge that he had the evidence under consideration in granting the motion, that the result was reached on account of some defect or omission in the pleadings. It is argued that, for aught that is shown by the record, the court may have determined that there was a fatal variance between the pleadings and proof, and have granted the motion for that

reason.    There is not any suggestion to that effect in the judgment; and it is admitted in the replication that the same cause of action was relied upon as a ground of recovery, and that the facts alleged in the complaint were the same as those alleged in the state court.    The individual defendant Rundblad was dismissed from the case before the jury was impaneled; so that it is not to be supposed that his having been joined as a party was the reason for directing a verdict; the only reasonable conclusion, judging from the state of the record, is that the cause went to trial against the corporation defendant solely on the ground that it was liable upon the principle expressed by the maxim *"respondeat superior."*    Such is the gravamen of the complaint in this case, admitted to be the same in its statement of facts as the complaint in the former action.    The identity of the servant who caused the car to be "jerked" is of no importance, so far as the liability of the railway company is concerned.    But the most significant fact, as shown by the judgment pleaded, is that the federal court did not confine itself to a determination that the plaintiff's complaint should be dismissed, but went further, and adjudged that, in view of the facts, the defendant was entitled to a verdict against the plaintiff.    It was an ancient principle of the common, as well as the Roman, law, that there should be a speedy and final determination of litigation.

We conclude, therefore, that the appellant's motion for judgment upon the pleadings should have been granted.    The judgment appealed from and the order denying a new trial are therefore reversed, and the cause is remanded to the district court of Silver Bow county, with directions to enter a judgment in favor of the appellant.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY. and MR. JUSTICE HOLLOWAY concur.

Rehearing denied, April 30, 1910.